Hamilton, Administrator, v. Jones, Administratrix.

No. 15,504.

HAMILTON, ADMINISTRATOR, v. JONES, ADMINISTRATRIX.

ABATEMENT.—*Of Action.*—*Death Occasioned by Wrongful Act.*—*Representatives of Wrong-Doer.*—*Action not Maintainable Against.*—*Statute Construed.*—The cause of action given by sec. 284, R. S. 1881, to the personal representative for the benefit of the widow and children or next of kin of one whose death has been caused by the wrongful act or omission of another, abates on the death of the wrong-doer, and can not be maintained against the personal representatives.

STATUTE.—*In Derogation of Common Law.*—*How Construed.*—Statutes in derogation of the common law are to be strictly construed, and one who seeks to maintain an action which was within the prohibition of the common law must be able to point to a statute which in plain and explicit terms authorizes the action to be maintained. A plaintiff who sues on a right of action given by statute must present a case clearly within the statute which creates the right.

From the Fayette Circuit Court.

*G. C. Florea*, *L. L. Broaddus* and *E. J. Smith*, for appellant.

*J. I. Little*, *D. W. McKee* and *J. M. McIntosh*, for appellee.

MITCHELL, J.—Hamilton, as administrator of the estate of Katie Hood, filed a claim against the estate of Henry Lee Jones, and alleged, as a cause of action, that the decedent, Jones, unlawfully, feloniously, and purposely, killed and murdered the plaintiff's intestate, by means described, and that he prosecuted the action for the benefit of the next of kin of his intestate.

The question is whether or not the cause of action, given by section 284, R. S. 1881, to the personal representative for the benefit of the widow and children, or next of kin of one whose death has been caused by the wrongful act or omission of another, abates upon the death of the wrong-doer.

The cause of action is plainly one which, according to the common law, would not have survived either the death of the injured party or the wrong-doer. *Boor* v. *Lowrey*, 103

Ind. 468 (53 Am. Rep. 519, and note); *Hess* v. *Lowrey*, 122 Ind. 225. It is equally plain that by force of section 284, R. S. 1881, which creates the right of action, it survived the death of the plaintiff's intestate. Did it also survive the death of the wrong-doer?

Our attention has not been called to any decision of this court directly in point, but uniformly, so far as we have discovered, the question involved has been decided adversely to the plaintiff in all those States where it has arisen.

Thus, in *Hegerich* v. *Keddie*, 99 N. Y. 258, an action brought by an administratrix to recover damages for the death of her intestate, which was caused by the alleged negligence of defendant's testator, it was held, after most careful and elaborate examination, that the action abated.

In this case, *Yertore* v. *Wiswall*, 16 How. P. R. 8, cited and relied on by the appellant, was overruled and distinguished. *Ott* v. *Kauffman*, 68 Md. 56, was an action by a husband to recover damages for an assault and battery of his wife, whereby he lost her services, and was obliged to expend money for medical and other attendance upon her. Quoting the language of Lord MANSFIELD, that "the wrong and the wrong-doer were buried together," the court held that under the Maryland statute the action did not survive. In New York, under a statute which provides, in substance, that actions for wrongs done to the "property rights and interests" of another shall survive, and not abate by the death of the plaintiff or defendant, it has been held that where a wife was injured through the negligence of another, an action brought by the husband to recover damages for loss of services, and for expenses incurred for medical attendance, did not abate on the death of the plaintiff, for the reason that the injury, though to the person of the wife, affected the property rights and interests of the husband. *Cregin* v. *Brooklyn, etc., R. R. Co.*, 75 N. Y. 192; *Cregin* v. *Brooklyn, etc., R. R. Co.*, 83 N. Y. 595.

*Russell* v. *Sunbury*, 37 Ohio St. 372, was an action against the estate of a deceased person for wrongfully causing the death of another, and it was held that the right to commence an action for wrongfully causing death, under the statute of that State, which required compensation for causing death by wrongful act, neglect, or default, abates by the death of the wrong-doer.

*Moe* v. *Smiley*, 125 Pa. St. 136 (3 Lawyers' Rep. An. 341), was an action against an estate to recover damages for killing the plaintiff's intestate, and it was held that an action for damages, given by the statute of Pennsylvania to the widow, children or next of kin, of one whose death had been occasioned by unlawful violence or negligence, could not be maintained against the executor or administrator of the wrong-doer, notwithstanding an express provision of the Constitution of the State which declared in effect that in case of injuries resulting in death the cause of action should survive. Speaking of the constitutional provision the court said : " This provision plainly means that in such cases the right of action shall survive to the personal representatives of the injured party ; not that the action may be brought against the executor or administrator of the person whose violence or negligence occasioned the injury. In other words, it is the cause of action, not the liability, that survives."

Statutes in derogation of the common law are to be strictly construed, and one who seeks to maintain an action which was within the prohibition of the common law must be able to point to a statute which in plain and explicit terms authorizes the action to be maintained. A plaintiff who sues on a right of action given by statute must present a case clearly within the statute which creates the right.

The language of section 284 seems to repel any implication that the personal representative of one whose death had been caused by the wrongful act or neglect of another, might maintain an action against the administrator, or other per-

Hamilton, Administrator, *v.* Jones, Administratrix.

sonal representative of the wrong-doer. The language of the statute is as follows:

" When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter," etc.

The effect of this statute is to limit and restrain the proceedings which may be maintained by the personal representatives of the person whose death has been occasioned by the wrongful act or omission of another, to an action against the *latter*.

It is not admissible for the court, by mere construction, to add to the language of the statute so as to authorize an action to be maintained against the latter, and in case of his death against his personal representative. In respect to the persons by or against whom actions like the present may be maintained, and the time within which they must be commenced, section 284 is definite, explicit and complete within itself. This section is neither enlarged nor diminished in any respect by reference to other sections regulating the survival or limitation of actions. As is in effect said of a similar statute in *Hegerich* v. *Keddie, supra*. The plain implication, from its language, is at war with the idea that the Legislature intended to create a cause of action enforceable against, as well as by, representatives.

As has often been declared, the section under examination gives a new right of action, and one altogether unknown to the common law. It specifies, in terms, by whom the action is to be brought, against whom it may be maintained; prescribes the time within which it must be commenced, limits the amount of the damages which may be recovered, and designates to whose exclusive benefit it shall enure.

Since, by the common law, the liability of one who injured the person of another, came to an end with the death of the wrong-doer, and inasmuch as the statute which gives the right of action does not extend the liability to the personal repre-

sentative, or to the estate of the person who committed the injury, except in cases where an interest in the subject-matter of the action passed to the estate, it must result inevitably that the action abates at the death of the wrong-doer.

It is not deemed necessary to give particular attention to that feature of the argument on appellant's behalf which seeks to maintain the proposition that the statute creating the right of action gives a vested property interest to the widow and children, or next of kin, in the life, or, rather, in the death of a husband, father, or relative, and that, hence, the action did not abate according to the rules of the common law. This argument is built, so far as it is supported by authority, upon the case of *Yertore* v. *Wiswall, supra.* The doctrine of that case has been discarded again and again, and no court has been more emphatic in its disavowal than the court of appeals of the State in which it was first enunciated.

The judgment is affirmed, with costs.

Filed Sept. 24, 1890.