C. W. JOHNSON, ADMINISTRATOR, v. CLARISSA FARMER ET AL.

No. 427.—Decided May 28, 1896.

**Injuries Resulting in Death—Survival of Action—Death of Wrongdoer.**

The statutory action for injuries resulting in death does not survive against the estate of the wrong-doer where no action therefor was commenced against him in his life-time. (Construing Rev. Stats., arts. 3018, 3024, 3026, 1248, 1255.) (Pp. 612-613.)

CERTIFIED QUESTION from the Court of Civil Appeals for the Second District, in an appeal from Young County.

The opinion states the question certified.

*Johnson & Akin* and *R. F. Arnold,* for appellant, C. W. Johnson.— The right of action for personal injuries was at common law extinguished by the death of the injured party, the cause of action dying with the person entitled to maintain such action. The survival of the cause of action to the family of the deceased is a creature of statute only. Sutherland on Damages, volume 3, 281 to 288; Cooley on Torts, 15, 262, 263, 264, 265; Sayles' Texas Stat., vol. 2, arts. 2899, 2900, 2901, 2902, 2903, 2904, 2905.

An action by the surviving wife and children of the deceased husband and father for damages incurred by them by the wrongful killing of said husband and father, abates when the wrongdoer or slayer dies before the institution of the suit to recover such damages, and cannot be filed originally against the administrator of such wrongdoer or slayer. Sayles' Rev. Stat. Texas, vol. 2, art. 2908; Sayles' Rev. Stat. Texas, vol. 1, art. 1255; Warren v. Furstenheim, 35 Fed. Rep., 691; Henshaw v. Miller, 17 How. (U. S.), 217; Gerling v. Railway, 14 U. S. Rep., 553; Weiss v. Hunsicker, 14 Pa. Co. Ct. R., 398; Moe v. Smiley (Pa.), 3 Law. Rep. An., 241; Cunningham v. Sayers, 21 W. Va., 440; Beck v. Dowell, 40 Mo. App., 71; Hamilton v. Jones (Ind.), 25 N. E. Rep., 192, 125 Ind., 176; Davis v. Nichols (Ark.), 15 S. W. Rep., 880.

*P. A. Martin,* for appellees.—The rule of common law that the right of action for personal injuries abates at the death of the wrongdoer is

now entirely superseded by the statutes of this State and does not apply in Texas, Const. of Texas, art. 16, sec. 26; Sayles' Texas Stat., vol. 1, art. 1255, vol. 2, arts. 2906, 2908, 3138; also acts of 24th Legislature, p. 143, for a legislative construction of existing law. 2 Texas, 199; 12 Texas, 399; 16 Texas, 527; 47 Texas, 301; Tiffany on Death by Wrongful Act, secs. 87, 119.

GAINES, CHIEF JUSTCE.—In this case the following questions are certified for our determination:

"H. A. McComber shot and killed George W. Farmer while the latter was attempting to take, under claim of right, from the possession of the former, a lot of corn to which they had conflicting claims. About an hour afterwards McComber shot and killed himself. This suit was brought against the administrator of his estate by the widow and children of Farmer.

"The question thus arising, and which we deem it proper to certify to your Honors for decision, is, whether an action thus brought against the administrator in the first instance is maintainable, no suit pending at the death of McComber?

"In the event of an affirmative answer to this question, we deem it proper to certify the further question, whether the attempt to take the corn from the possession of McComber against his consent would preclude a recovery, upon the ground that Farmer was engaged in an illegal act at the time of his death?"

We are of opinion that the suit cannot be maintained. Statutes giving an action for personal injuries resulting in death have been enacted in most if not all of the States of our Union. In eight only has any provision been made for a survival of the cause of action in case of the death of the wrongdoer. In every State in which the statute gives the right of action, and does not expressly provide that it continue in case of the death of the person causing the injury, and in the courts in which the question has arisen for adjudication, it has been held that the cause of action does not survive. Hegerich v. Keddie, 99 N. Y., 258; Moe v. Smiley, 125 Pa. St., 136; Russell v. Sunbury, 37 Ohio St., 372; Hamilton v. Jones, 125 Ind., 176; Green v. Thompson, 26 Minn., 500.

Our statute upon the subject is peculiar—not to say anomalous. Articles 3021, 3022, 3024, 3025 and 3026 of our Revised Statutes read as follows:

"Art. 3021—The action shall be for the sole and exclusive benefit of the surviving husband, wife, children and parents of the person whose death shall have been so caused, and the amount recovered therein shall not be liable for the debts of the deceased.

"Art. 3022—The action may be brought by all of the parties entitled thereto, or by any one or more of them for the benefit of all."

"Art. 3024—The action shall not abate by the death of either party to the record if any person entitled to the benefit of the action survives. If the plaintiff die pending the suit, when there is only one plaintiff,

some one or more of the parties entitled to the money recovered may, by order of the court, be made plaintiffs and the suit be prosecuted to judgment in the name of such plaintiff for the benefit of the persons entitled."

"Art. 3025—If the sole plaintiff die pending the suit, and he is the only party entitled to the money recovered, the suit shall abate."

"Art. 3026—If the defendant die pending the suit his executor or administrator may be made a party and the suit be prosecuted to judgment as though such defendant had continued alive. The judgment in such case, if rendered in favor of the plaintiff, shall be, to be paid in due course of administration."

Articles 3024 and 3026 very clearly provide that, in case suit has been brought and the defendant dies while it is pending it may be revived and prosecuted to judgment against his executor or administrator. This necessarily keeps alive the cause of action in such a case. But our statutes contain no provision for the continuance of the cause of action in the event of the death of the wrongdoer before the suit is brought. The cases cited hold, in effect, that the cause of action belongs to that class which, under the rules of the common law, die with the tort-feasor, and that, in the absence of some provision to the contrary, the right of action expires at his death. Besides, article 3018 provides: "The wrongful act, negligence, carelessness, unskillfulness or default mentioned in the preceding article must be of such a character as would, if death had not ensued, have entitled the party injured to maintain an action for such injury."

Until the passage of the act of May 4, 1895, which changes the rule of the common law as to the survival of causes of action, the injured party, if he had lived, could not have maintained a suit against the legal representatives of the person inflicting the injury, after the death of the latter. Watson v. Loop, 12 Texas, 11. Hence, in the absence of some other provision in the statute, when the injured party dies, the beneficiaries under the act could not under the same circumstances maintain the action. The statute does expressly provide for the continuation of the suit in case the defendant dies while it is pending; but it does not provide for the contingency of the death of the wrongdoer before any suit is brought. That, in enacting article 3026, it was intended only to provide against the abatement of a suit already brought, is further indicated by the fact that in the chapter 7 of title 30 of the Revised Statutes, which is devoted to the subject of the abatement and discontinuance of suits, the provisions of articles 3024, 3025 and 3026 are repeated in language almost precisely the same. Rev. Stats. 1895, article 1255. If it had been intended that the cause of action should in any case survive the death of the wrongdoer, article 3026 and the corresponding portion of article 1255 were wholly unnecessary; because it had already been provided, in article 1248, that: "Where in any suit the defendant shall die before verdict, if the cause of action be one which survives, the suit

shall not abate by reason of such death," and that the executor or administrator should be made a party.

We confess our inability to see any satisfactory reason why the Legislature should provide that the cause of action should survive when the death occurs after suit brought, and should not make a like provision in case the wrongdoer should die before suit. But reasons deemed satisfactory may have suggested themselves to the lawmakers, which do not occur to us. It may be, that while it was not deemed proper to provide for the survival of the cause of action when the death occurred before suit, it was considered that the expense incurred by the beneficiaries in bringing the action was a sufficient ground for making a different rule in case of a pending suit.

But, whether the omission was intentional or not, there is still an omission. The statutes fail to provide that the cause of action shall continue in case the wrongdoer dies before suit. It is casus omissus. Bishop on Written Laws, sec. 136. Although the reason for the survival in case of death before suit may be in every particular as cogent as for a non-abatement of the action after suit brought, this does not justify us in extending the provision to the former class of cases, when by no fair construction can the terms of the statute be made to embrace such class. That this cannot be done has been frequently decided in this court. Turner v. Cross & Eddy, 83 Texas, 218; Campbell v. Cook, 86 Texas, 630.

We have in this opinion cited the Revised Statutes of 1895, though at the time the cause of action arose, as we infer from the briefs, they were not in force. The provisions are the same as in the former revision. Nor had the act of May 4, 1895, been passed when the death in this case occurred.