HENRIETTA A. BATES, Appellant, v. WILLIAM W. SYLVESTER, Administrator of JAMES J. SYLVESTER.

### Division Two, July 1, 1907.

1. **DAMAGES: Against Administrator: Survivor.** An action sounding in tort, based on the Damage Act, begun against the wrongdoer, for the negligent killing of plaintiff's husband, does not survive to the widow against the administrator of such defendant after his death.

2. ———: ———: **At Common Law.** At common law actions for tort did not survive against the administrator of the alleged wrongdoer, and hence it is not true that any action sounding in tort which does not expressly fall within the limitations of section 97, Revised Statutes 1899, can be revived by or against the legal representative of the deceased party to the action.

3. ———: ———: **Under Statute.** Section 96, Revised Statutes 1899, was intended to provide for the survivor by and against personal representatives of actions for wrongs to property rights and interests only, and by that statute, without more, no action would lie based upon the death of a human being and no right of action for tort to the person would survive the death of either the wronged or the wrongdoer; and section 97 provides that "the preceding section shall not extend to actions on the case for injuries to the person of the testator or intestate of any executor or administrator;" and sections 2864 to 2868, of the Damage Act, do provide for the survivor of actions for personal injuries resulting in death, but they create no new cause of action, but simply transmit to certain persons named a right of action which but for them would cease to exist with the death of the person entitled to sue, and make no provision whatever for survivor of the action in case of the death of the person who wrongfully caused the injury. [Overruling Behen v. Railroad, 186 Mo. 430, holding, *arguendo*, that the Damage Act creates a new cause of action.]

4. ———: ———: **Damage Act.** Our Damage Act is in derogation of the common law, and being such is to be strictly construed; it is complete within itself, and it is not for the courts to supply any omission therefrom. It does not give a right of action against the administrator for the wrong done by his intestate, nor does an action begun against the intestate for his tort survive after his death against his administrator, but abates.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale*, Judge.

Affirmed.

*Lyon & Swarts* and *Thomas J. Hoolan* for appellant.

An action by a widow for the wrongful killing of her husband is not an action for injuries to the person of plaintiff, and does not abate by the death of the defendant. Knight v. Lead & Zinc Co., 75 Mo. App. 541; McGowan v. Ore & Steel Co., 109 Mo. 518; Stanley v. Bircher, 78 Mo. 245; James v. Christy, 18 Mo. 162; Cregan v. Railroad, 75 N. Y. 792, 83 N. Y. 595; Behen v. Railroad, 186 Mo. 431; secs. 96 and 97, R. S. 1899.

Bates v. Sylvester.

*Block & Sullivan* for respondent.

(1) No action lies for the death of a human being except as expressly given by statute. Soeckman v. Railroad, 15 Mo. App. 507; McNamara v. Slavens, 76 Mo. 331; Barker v. Railroad, 91 Mo. 91; Brink v. Railroad, 160 Mo. 92. (2) Section 96 of our administration law deals only with property rights. Higgins v. Breen, 9 Mo. 497; Vawter v. Railroad, 84 Mo. 686; James v. Christy, 18 Mo. 162; Stanley v. Vogel, 9 Mo. App. 101; Weiner v. Peacock, 31 Mo. App. 244; Hegerich v. Keddie, 99 N. Y. 264. (3) Our Damage Act creates no new cause of action, but merely provides for the transmission of an existing one. Proctor v. Railroad, 64 Mo. 119; White v. Maxie, Mo. 558; Gray v. McDonald, 104 Mo. 311; Hennessy v. Brewing Co., 145 Mo. 112; Strode v. Railroad, 197 Mo. 626. (4) And as no statute provides for its surviving the death of the wrongdoer, it will not do so. Norton v. Wiswall, 14 How. Pr. (N. Y.) 42; Hegerich v. Keddie, 99 N. Y. 258; Russell v. Sunbury, 37 Ohio St. 372; Hamilton v. Jones, 125 Ind. 176; Davis v. Nichols, 54 Ark. 358; Moe v. Smiley, 125 Pa. St. 136; Johnson v. Farmer, 89 Tex. 610; Green v. Thompson, 26 Minn. 500; Ott v. Kauffman, 68 Md. 56; Loague v. Railroad, 91 Tenn. 458; Railroad v. Bean, 94 Tenn. 388; Sanders v. Railroad, 111 Fed. 710.

GANTT, J.—The plaintiff brought suit under section 2865, Revised Statutes 1899, for the alleged negligent killing of her husband, Depello Bates, by an employee of James J. Sylvester, by negligently driving a horse and carriage belonging to said defendant over her said husband on or about April 11, 1903. After the suit was filed the cause was dismissed as to the defendant Crissie L. Sylvester and the other defendant, James J. Sylvester, died; his death was suggested to the court and the plaintiff having complied with the statutes, sought to revive the action against

W. W. Sylvester, the administrator of said James J. Sylvester, deceased. The writ of *scire facias* was issued against the said administrator who appeared in court, and for his return to the citation to show cause why this action should not be revived against him, represented to the court that this action did not survive the death of the said defendant, James J. Sylvester, and thereupon the court overruled the plaintiff's motion and application to revive the cause and ordered the same to be abated as to the administrator and estate of the said James J. Sylvester. From this order the plaintiff appeals to this court, and the only question presented for our adjudication is whether or not an action based on the Damage Act survives to the widow against the administrator of the deceased defendant.

I. At common law actions in tort do not survive the death of either the wronged or the wrongdoer. This rule of the common law forbidding the survivor of actions, or right of action *ex delicto*, was first modified in this State in 1835, by the enactment of what is now sections 96 and 97, Revised Statutes 1899, which are as follows:

"Sec. 96. *Actions for torts by and against administrators, what may be maintained.* — For all wrongs done to property, rights or interest of another, for which an action might be maintained against the wrongdoer, such action may be brought by the person injured, or, after his death, by his executor or administrator, against such wrongdoer, and, after his death, against his executor or administrator, in the same manner and with like effect, in all respects, as actions founded upon contract.

"Sec. 97. *Last section not to extend to what actions.* — The preceding section shall not extend to actions for slander, libel, assault and battery or false imprisonment, nor to actions on the case for injuries to the person of the plaintiff, or to the person of the

testator or intestate of any executor or administrator."

In Higgins v. Breen, 9 Mo. 497, it was pointed out by Judge Scott that the Statute of 4th Edward III "only gave actions *to* executors, and not *against* them, for as against the person committing the injury, the action dies with him. [Chitty, 59; 1 Saunders, 217.] Our statute has changed the English law in this respect, and has given an action both to and against executors and administrators, and by employing much broader language than the statute of Edward, seems to have included by express enactment the injuries which were comprehended in that statute only by construction. The words of our statute are, 'for wrongs done to the property, rights or interest of another,' etc., with the exception of actions for slander, libel, assault and battery, or false imprisonment, and to actions on the case for injuries to the person. [R. S. 1835, Title Administration, art. 2, secs. 24 and 25.]"

Sections 96 and 97 have been construed by this court. Thus in Vawter v. Railroad, 84 Mo. 1. c. 685, 686, Judge Black, speaking for this court, said: "An administrator appointed in this State receives his power and authority to sue from the laws of this State, and from this State alone, to which he is amenable throughout the entire course of the administration. There is no statute of this State by which he has or can have anything to do with suits of this character or the damages when recovered. He may, by section 96, Revised Statutes 1879, bring an action for all wrongs done to property rights or interests of the deceased against the wrongdoer. Section 97 provides: 'The preceding section shall not extend to actions . . . on the case for injuries . . . to the person of the testator or intestate of any executor or administrator.' For fear that section 96 might be construed to confer upon the administrator a right to sue for injuries

205 Sup—32

to the person of the intestate, the next, as will be seen, declares in express terms that he shall not do so. To sustain this action we must say he may maintain such actions, and that, too, because of a statute of another State. . . . . This we cannot do.''

The learned counsel for the plaintiff insist that any action sounding in tort which does not expressly fall within the limitations of section 97 can be revived by or against the representatives of a deceased party to the action, and as section 97 only bars actions on the case for injuries to the person of the plaintiff, the only question before this court in this case is whether or not this is an action for injuries to the person of the plaintiff, and as this is not an action for injury to the person of Mrs Bates, her cause of action survives against the administrator of the alleged wrongdoer, James J. Sylvester. We are unable to concur in this deduction of the counsel for plaintiff, for the reason that at common law the rule was just the other way, that is to say, actions for tort did not survive, and under section 96, actions for tort do not survive unless they are within the terms of section 96. And if by virtue of the general provisions of said section an action might be said to survive, nevertheless if included within the prohibition of section 97 it will not survive. By reference to section 96, it will be noted that the statute refers to ''wrong done to property, rights or interests of another,'' and counsel for plaintiff cite us to James v. Christy, 18 Mo. 162. That was an action by the administrator of James for the negligent killing of his son by the explosion of a steam ferry boat on which the son was a passenger. The son was living with his father and was fifteen years old. The question was whether the action survived to the administrator of the father, and it was held by this court that the father had a property-right in the service of his son during his minority and whilst he was under his

guardianship, and if by the misconduct of another he was deprived of those services, or the son's ability of performing them, the law awarded him a compensation in damages. And it was pointed out by Judge Scott that the damages in such case must be limited to the actual value of those services and that all other damages die with the father. In other words, the language of section 96, to-wit: "Property, rights or interest" mean and should be read "property-rights or interest," and this was the construction placed upon it by this court in Vawter v. Railroad, 84 Mo. 686. At common law the death of a human being gave rise to no civil action in behalf of any person under any circumstances as has often been decided by the appellate courts of this State. [McNamara v. Slavens, 76 Mo. l. c. 331; Barker v. Railroad, 91 Mo. l. c. 91; Brink v. Railroad, 160 Mo. l. c. 92; Stoeckman v. Railroad, 15 Mo. App. l. c. 507.]

James v. Christy, supra, was decided in 1853, two years before the enactment of any statute in this State providing for recoveries in cases of injury resulting in death, and it is clear that if the father in that case had brought an action for the death of the infant son he could not have recovered, because section 96, then in force, dealt only with the survivor of existing actions and not with the creation of new ones, and by the common law such an action could not have been maintained. Sections 96 and 97 are literal transcriptions of the New York statutes on this subject. In Hegerich v. Keddie, 99 N. Y. l. c. 264, the Court of Appeals of that State, construing the two sections of the New York statute, said: "Reference to the law as it stood prior to the revision (and the application of the maxim *noscitur a sociis*) would seem to require such an interpretation of the words 'property, rights or interests' as will confine their application to injuries to *property rights only,* and such as were therefore enforcible by

the deceased." Indeed we are of the opinion, in view of the state of law when sections 96 and 97 were enacted, it was the intention of the Legislature to provide for the survivor by and against personal representatives of actions for wrongs to *property rights* and interest only, and that by this enactment, without more, no action would lie based upon the death of a human being, and no right of action for tort to the person would survive the death of either the wronged or the wrongdoer. In 1865, thirty years after the enactment of those two sections, the Legislature enacted our Damage Act, now sections 2864 to 2868, and those adopted the spirit of Lord Campbell's Act. The Act of 1855 and the subsequent amendments thereto, as they appear in the revision of 1899, did provide for the survivor of actions for personal injuries resulting in death. These sections have been construed in a number of cases, by this court. Thus, in Proctor v. Railroad, 64 Mo. l. c. 119, it was said: "It is conceded by all that the third section of the act was only designed to transmit a right of action which but for the section would have ceased to exist, or would have died with the person; in other words, that under section three whenever a person dies from such a wrongful act of another as would have entitled the party to sue had he lived, such cause of action may be maintained by certain representatives of the deceased, notwithstanding the death of the party receiving the injury. It creates no new cause of action but simply continues or transmits the right to sue, which the party whose death is occasioned would have had, had he lived. It is not only a right transmitted, but it is restricted by limitations as to the persons who are to enjoy the right, the time within which it is to be enjoyed and the amount of damages to be recovered." And the doctrine thus announced has been repeated in White v. Maxcy, 64 Mo. l. c. 558; Gray v. McDonald, 104 Mo. l. c. 311;

Hennessy v. Brewing Co., 145 Mo. l. c. 112; Strode v. Railroad, 197 Mo. l. c. 626.

What was said in Behen v. Railroad, 186 Mo. 430, *arguendo,* that our statute authorizing recovery for the wrongful death creates a new cause of action and does not simply provide for the survivor of an existing one, is not in harmony with the cases above cited and is contrary to the last expression of this court in Banc on this subject in Strode v. Railroad, 197 Mo. 626. Having thus reached the conclusion that this action did not survive by reason of section 96, Revised Statutes 1899, is there anything in sections 2864, 2865 and 2866 which provide that this action shall survive the death of the tortfeasor or wrongdoer? The language of section 2865 is that whenever the death of a person should be caused by a wrongful act, neglect or default of another . . . the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured. And section 2864 provides when any person shall die from an injury resulting from or occasioned by the negligence, etc., of any officer, agent, etc., whilst running, conducting or managing any locomotive, car or train of cars, etc., or when any passenger shall die from any injury resulting from or occasioned by any defect or insufficiency in any railroad, etc., the corporation or individual in whose employ any such officer, agent, etc., shall be at the time of such injury, or who owns any such railroad, etc., at the time the injury is received, shall forfeit and pay for every person or passenger so dying the sum of five thousand dollars, which may be sued for and recovered, first, by the husband or wife of the deceased, or, second, if there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased,

whether such minor child or children be the natural born or adopted child or children, etc. Thus, it will be seen that the statute provides that actions for personal wrongs shall not die with the party whose death was occasioned by the wrongful act, but shall survive to certain parties designated in the act, but no provision whatever is made for the contingency of the death of the person who wrongfully caused the death. Whether intentionally or by oversight, the General Assembly made no provision for the survivor of the action against the personal representatives of the wrongdoer. That this is the case is tacitly conceded by counsel for the plaintiff by invoking section 96 as affording it. Our Damage Act, like Lord Campbell's Act, and similar statutes in almost all of the states in the Union, is clearly in derogation of the common law. It is complete in and of itself and as we have already said in our opinion provides for a transmission of the right of action to the parties designated in the act, the parties against whom it will lie, and fixed the measure of damages and its own statutes of limitation. Both section 2864 and 2865 name the person who shall be liable in such cases "as the person who or the corporation which would have been liable if death had not ensued." And at the time this act of 1855 was passed such action would not have survived the death of either of the party injured or the wrongdoer. It is to be noted that the Legislature had this specific question of survivor in mind when it enacted our Damage Act, and if the lawmakers had intended that the action should lie against the representatives of the person who would have been liable had death not ensued, they would not have left it in doubt. It is not the province of the courts to supply this omission in the statute, if such it may be called, but to construe the act as we find it upon the statute books.

Counsel for the plaintiff, however, have called our

attention to the cases of Cooper v. Electric Co., 63 N.
J. Law 558, and Meekin v. Railroad, 164 N. Y. 145.
An examination of those cases will demonstrate that
they rest upon statutes unlike ours in that they permit
actions for death to survive the death of the plaintiff
and it is well to remark in this connection that the New
York statutes of which ours are transcripts have been
radically amended since their adoption into the laws of
this State. But on the point now under consideration
the Court of Appeals of New York in Meekin v. Rail-
road, 164 N. Y. l. c. 151, expressly approved Hegerich
v. Keddie, 99 N. Y. 258, in which it was held that the
cause of action for damages from negligence resulting
in death abates upon the death of the wrongdoer, and
that the action cannot be maintained against the repre-
sentatives of the wrongdoer, saying: "This is a nec-
essary result from the fact that the Code modifies the
Revised Statutes and the common law only as to the
personal representatives of the person injured, and
not as to those of the person who inflicted the injury."
The case of Cooper v. Electric Co., 63 N. J. Law 558,
was predicated upon the statute, the efficient words of
which were, "A right of survivor of an action to and
against personal representatives for trespass to the
person or property, real and personal," and it was
held that the word "trespass" as used in the section
was equivalent to the word "tort," so that the effect
of the provision was to give a right of suit against the
personal representatives of a deceased wrongdoer for
any injurious act of a suable nature, without refer-
ence to the form in which the remedy was sought.

We have already noted that our act, section 96,
Revised Statutes 1899, is confined to actions for torts
for wrongs done to property rights or interest of
another and not to personal torts or actions on the
case for injuries to the person. An examination of
the decided cases in other jurisdictions confirms the

views which we have expressed. Among the first cases on this subject is Norton v. Wiswall, 14 How. Pr. (N. Y.) 42, decided in 1856. The case was an action brought for the death of a passenger on a ferry, the defendant having died pending the action, thus presenting the question whether it could be revived against the administrator. After adverting to the fact that at common law the action would undoubtedly abate on the death of the defendant, the court said: "The statute which gives the right of action to the personal representative of the party injured does not extend that right of action beyond the wrongdoer himself. The common-law rule that the remedy for injuries to the person dies with the wrongdoer, remains unchanged. The rule that *actio personalis moritur cum persona*, is as applicable to the death of the wrongdoer as to that of the party injured. Indeed, it is more so; for the statute under which these actions are brought has made one exception to the rule in respect to the 'later, while there is no exception to the rule in respect to the former." Another case growing out of the same action was Yertore v. Wiswall's Executors, 16 How. Pr. (N. Y.) 8. At that time the New York statutes contained provisions exactly like our sections 96 and 97, Revised Statutes 1899, it was held that the action in behalf of the widow and next of kin was a new and original action and that the life of the husband was property of the wife within the meaning of the New York statute, which is the argument made in this case by counsel for the plaintiff. Afterwards, in Hegerich v. Keddie, 99 N. Y. 258, an action was brought by the widow as administratrix to recover the statutory penalty for the wrongful death of her husband and, pending the action, the defendant died, and it was revived and prosecuted against the executor, and, on appeal to the Court of Appeals of New York, the only question considered was whether or not under the New

York statutes the action survived. The Court of Appeals disapproved the decision in the Yertore case, and held that the action abated at the death of the defendant. RUGER, C. J., speaking for the whole court, discussed the provisions of the sections of the New York act corresponding to our sections 96 and 97, and held that the words ''property, rights or interests'' should be confined in their application to property rights only and such as were therefore enforcible by the deceased, and then taking up the Damage Act which provided for an action by the administrator for the benefit of the widow or next of kin in case of death, said: ''It will be observed also that the statute, although creating a new cause of action, and passed for the express purpose of changing the rule of the common law in respect to the survivability of actions, and conferring a right upon representatives which they did not before possess, does not undertake, either expressly or impliedly, to impair the equally stringent rule which precluded the maintenance of such actions against the representatives of the offending party. The plain implication from its language would, therefore, seem to be at war with the idea that the Legislature intended to create a cause of action enforcible against, as well as by, representatives. The cause of action thereby given is not to the estate of the deceased person, but to his or her representatives as trustees, not for purposes of general administration, but for the exclusive use of specific beneficiaries. The wrong defined indicates no injury to the estate of the person killed, and cannot either logically or legally be said to affect any property rights of the person, unless it can be maintained that a person has a property right in his own existence. The property right, therefore, created by this statute is one existing in favor of the beneficiaries of a recovery only, and depends for its existence upon the death of the party injured. It had no previous life and can

not be said to have been injured by the very act which creates it.'' The court distinguished the case of Cregin v. Railroad, 75 N. Y. 193, and 83 N. Y. 595, which has been urged as authority in this case for the plaintiff, and pointed out that in the Cregin case the action was by the husband for the death of his wife and the husband according to the view of the New York court had a property right in the services of his wife, and therefore the injury to the wife diminished the estate of the husband, and, consequently, for the loss of services of the wife, between the date of her injury and the date of her death, the husband's administrator might recover. Upon a statute of the same import as ours this same question arose in Russell v. Sunbury, 37 Ohio St. 372, and it was held that the right to commence an action for wrongfully causing death under ''an act requiring compensation for causing death by wrongful act, neglect or default,'' passed March 25, 1851, abated by the death of the wrongdoer. The court expressly disapproved the decision in Yertore v. Wiswall's Executors, 16 How. Pr. 8, and held that the death of the husband did not vest in the widow or next of kin a property interest in the deceased and was not an injury to the estate of the deceased within the meaning of the law.

This same question has received the consideration of the Supreme Court of Indiana in Hamilton v. Jones, 125 Ind. 176 (1890), and MITCHELL, J., with great care and discrimination reviewed the cases of Hegerich v. Keddie, Yertore v. Wiswall, Cregin v. Railroad, Russell v. Sunbury, already noted, and Moe v. Smiley, 125 Pa. St. 136, and Ott v. Kaufman, 68 Md. 56, and disapproved Yertore v. Wiswall, as the Supreme Court of Ohio, and the Court of Appeals of New York have, and reached the conclusion, ''that statutes in derogation of the common law are to be strictly construed, and one who seeks to maintain an action which was

within the prohibition of the common law must be able to point to a statute which in plain and explicit terms authorizes the action to be maintained. A plaintiff who sues on a right of action given by the statute must present a case clearly within the statute which creates the right. The language of section 284 seems to repel any implication that the personal representative of one whose death had been caused by the wrongful act or neglect of another, might maintain an action against the administrator or other personal representative of the wrongdoer,'' and held that the action abated in that case.

The same question has been considered by the Supreme Court of Arkansas in Davis v. Nichols, 54 Ark. 358. That court also refused to accept the doctrine of Yertore v. Wiswall, 16 How. Pr. 8; and COCKRILL, C. J., said: ''The statute under which that branch of the suit was maintained authorizes an action against a wrongdoer, but it is silent as to the administrator of the wrongdoer; and unless the provisions of the statute first cited [corresponding to our sections 96 and 97] cure the defect, the action must abate under the familiar rule of the common law that the wrongdoer and the wrong are buried together. The question has arisen frequently under statutes which, like ours, are modeled after Lord Campbell's Act, and it has been invariably decided against the right of revivor. . . . . The courts were driven to that conclusion in the cases cited, because it was found that the common-law rule as to the survivability of actions had not been changed by legislation—the duty of the courts being to declare the law, and not to make it.'' And he added: ''These cases clearly show that the right of the widow to recover damages for the death of her husband is not based upon an injury to property within the meaning of the statute.'' To the same effect will be found Moe v. Smiley, 125 Pa. St. 136; Johnson v. Farmer, 89 Tex.

610; Green v. Thompson, 26 Minn. 500; Ott v. Kaufman, 68 Md. 56.

Our conclusion is that in the light of the common-law and the construction placed upon our Damage Act by this court, the action of the plaintiff did not survive against the defendant as administrator of James J. Sylvester and the judgment of the circuit court in refusing to permit the cause to be revived was and is correct and accordingly it is affirmed.

*Fox, P. J.,* and *Burgess, J.,* concur.