KRANZ, Administratrix, Respondent, vs. WISCONSIN TRUST
COMPANY, Administrator, Appellant.

*October 28—November 18, 1913*

*Actions: Abatement and survival: Wrongful death: Statutes con-
strued.*

1. The statutory cause of action given by secs. 4255, 4256, Stats.,
   for the death of a person by the wrongful act, neglect, or de-
   fault of another does not survive the death of the wrongdoer.

2. Such cause of action is not, within the meaning of sec. 4253, ·Stats., given for any "damage done to the property rights or interests" of the beneficiaries named in said sec. 4256, but as a new and independent cause of action unknown to the common law, and hence is not included in survival statutes using terms applicable only to common-law actions.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Reversed*.

·On March 19, 1910, Paul Kranz, while an employee in a cooper shop owned and operated by Fred Ketter, was injured, and later died as a result of such injury. February 20, 1912, this action was brought by plaintiff, as the administratrix of the estate of Paul Kranz, deceased, under secs. 4255 and 4256, Stats. 1911, for the benefit of herself as widow. The defendant answered, and afterwards, on March 22, 1912, he died. On December 7, 1912, an application was made by plaintiff to revive the action against the defendant as administrator of the estate of Fred Ketter, deceased. From an order granting such application the defendant appealed.

· For the appellant there was a brief by *Doe & Ballhorn,* and oral argument by *J. B. Doe.*

For the respondent the cause was submitted on the brief of *Curtis & Mock.*

VINJE, J. Defendant assigns as error that the order is improvidently made and that the circuit court had no jurisdiction to make the same. So far as we have been able to discover, there seem to be no indicia of improvidence or abuse of discretion in granting the order if the cause of action survived the death of the wrongdoer. Due and proper proceedings were had pursuant to sec. 2803, Stats. 1911, which provides that "In case of the death or other disability of a party, if the cause of action survives or continues, the court, on motion, at any time within one year thereafter or afterwards, on a supplemental complaint, may allow or com-

pel the action to be continued by or against his representatives or successor in interest." The inquiry, therefore, must be limited to the question whether or not a cause of action given by secs. 4255 and 4256, Stats. 1911, for death by wrongful act in favor of beneficiaries standing in a certain relation to the deceased, survives under the provisions of sec. 4253, Stats. 1911, which reads:

"In addition to the actions which survive at common law the following shall also survive: Actions for the recovery of personal property or the unlawful withholding or conversion thereof, for assault and battery, false imprisonment or other damage to the person, for all damage done to the property rights or interests of another, for goods taken and carried away, for damages done to real or personal estate, equitable actions to set aside conveyances of real estate, to compel a reconveyance thereof, or to quiet the title thereto, and for a specific performance of contracts relating to real estate."

Unless some statute can be found providing for survival, the action abates. Such was the rule of the common law. *Milwaukee Mut. F. Ins. Co. v. Sentinel Co.* 81 Wis. 207, 211, 51 N. W. 440; *Bates v. Sylvester,* 205 Mo. 493, 104 S. W. 73. Non-assignability and non-survival were held interchangeable terms. *Hegerich v. Keddie,* 99 N. Y. 258, 1 N. E. 787; *Brackett v. Griswold,* 103 N. Y. 425, 428, 9 N. E. 438; Tiffany, Death by Wrongful Act (2d ed.) § 119.

It is claimed by plaintiff that the clause "for all damage done to the property rights or interests of another" provides for the survival of the action against the estate of the tortfeasor. Such clause was added to sec. 4253 by ch. 353, Laws of 1907, to make the survival statute, as was stated in *Harris v. Welch,* 148 Wis. 441, 446, 134 N. W. 1041, harmonize with the survival statute of New York. But the New York court, as early as 1885, in *Hegerich v. Keddie,* 99 N. Y. 258, 1 N. E. 787, decided that the clause "for all damage done to the property rights or interests of another" meant for all damage done to the property rights or interests of the de-

ceased, and not to the property rights or interests of a relative or beneficiary named under the statute giving such relative or beneficiary a right of action by reason of the death of the deceased by wrongful act, and it was there held that the statutory cause of action for the death of a person by the wrongful act or negligence of another abated upon the death of the wrongdoer. The same result has been reached by other courts under similar statutes. See *Moe v. Smiley,* 125 Pa. St. 136, 17 Atl. 228; *Russell v. Sunbury,* 37 Ohio St. 372; *Hamilton v. Jones,* 125 Ind. 176, 25 N. E. 192; *Green v. Thompson,* 26 Minn. 500, 5 N. W. 376; *Johnson v. Farmer,* 89 Tex. 610, 35 S. W. 1062; *Bates v. Sylvester,* 205 Mo. 493, 104 S. W. 73; *Beavers's Adm'x v. Putnam's Curator,* 110 Va. 713, 67 S. E. 353; *Davis v. Nichols,* 54 Ark. 358. Tiffany, in his work Death by Wrongful Act (2d ed.) § 119, also states such to be the rule in the absence of express statutory provisions found only in a few states. Whether such omission in our statute is the result of inadvertence or design, it is immaterial to inquire, as was said in *Johnson v. Farmer, supra.* The action itself is a statutory creature, and statutory authority for its survival upon the death of the wrongdoer must be found, or else it abates. And in this connection it should be observed that there is a vital difference between the survival of a cause of action upon the death of the injured party and a survival of liability upon the death of the wrongdoer. A statute may provide for the one and not for the other. *Meekin v. B. H. R. Co.* 164 N. Y. 145, 152, 58 N. E. 50.

The ground upon which it has been held that an action for wrongful death does not survive the death of the wrongdoer is that it does not accrue until the death of the injured party, and it is then not a devolution of any pre-existing cause of action, but is purely a statutory creation given not for any damage to the person or to the property rights or interests of the beneficiaries, but as a new and independent cause of ac-

tion unknown to the common law. Hence survival statutes using terms applicable only to common-law actions do not include the action for death by wrongful act.

In *Devine v. Healy,* 241 Ill. 34, 89 N. E. 251, it was held that under a statute providing for the survival of an action for "injuries to the person" an action under the death statute survived. It would seem that such a ruling fails to distinguish between the derivative common-law action for injury to the person and the statutory action under consideration.

In view of the origin of our statute and the construction given similar statutes by New York and other courts, we deem it better to follow such constructions than to examine the question from an original point of view. This is in conformity with the ruling in *Sutherland v. Drolet,* 154 Wis. 619, 143 N. W. 663. If a different rule should be desired, the legislature can easily provide for it.

*By the Court.*—Order reversed, and cause remanded with directions to dismiss the complaint.