HACK INVESTMENT CO. v. CONCRETE WALL COMPANY.

1. CONTRIBUTION—JOINT TORT-FEASORS—COMMON LAW.
   Generally, at common law there was no right of contribution or indemnity as between joint tort-feasors guilty of actionable negligence, or *in pari delicto*, an exception being that when there was technical wrongdoing, as distinguished from actual negligent conduct, on the part of a defendant who was forced to make payment of the judgment he was permitted to recover from the party responsible for the injury.

2. JUDGMENT—RES JUDICATA.
   Plaintiffs, who with defendants, had had a judgment taken against them for injury to judgment creditor's property and which judgment plaintiffs had paid and who had failed to

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur, Contribution § 3 *et seq.*
[3, 4] 13 Am Jur, Contribution § 119.
[6, 7] 50 Am Jur, Statutes §§ 402–404.

establish they were not joint tort-feasors in a prior action against the defendants to recover indemnity are not in a position to relitigate whether or not defendants were joint tort-feasors.

3. CONTRIBUTION—INDEMNITY BETWEEN TORT-FEASORS—BURDEN OF PROOF—PROXIMATE CAUSE.

Plaintiff, a tort-feasor, in order to recover indemnity from another tort-feasor for payment of judgment against both, which plaintiff has paid, at common law, must show that the fault which occasioned the judgment against both was not that of the plaintiff but that of the defendant.

4. SAME—JOINT TORT-FEASORS—STATUTES.

The statute relative to contribution among tort-feasors permits contribution as between tort-feasors against whom a judgment has been recovered in an action for personal injury or property damage without reference to the precise basis on which the liability of each defendant tort-feasor is based (CL 1948, § 691.561 *et seq.*).

5. SAME—STATUTES—COMMON LAW—JOINT TORT-FEASORS.

The statute providing for contribution among tort-feasors in chancery action brought within 6 months after discharge of the judgment by the plaintiff in such action is not in derogation of the common law in the sense that it takes away any right of action previously existing, but abrogated the rule that as between tort-feasors generally there was no right of contribution and applies as well to possible exceptions to the general rule so as to provide a uniform method of procedure (CL 1948, § 691.561 *et seq.*).

6. ACTION—STATUTES IN DEROGATION OF THE COMMON LAW.

One asserting a statuory right of action in derogation of the common law must establish that he is within the terms of the statute.

7. STATUTES—COMMON LAW—CONSTRUCTION.

Statutes in derogation of the common law are to be strictly construed.

8. CONTRIBUTION—TORTS—PLEADING—STATUTES.

Action at law by plaintiffs, who had paid a judgment that had been obtained against them and defendants for tortious damage to property, to recover contribution from the defendants, brought after final determination in previous proceeding, commenced in equity for indemnity and transferred to law side of court, *held*, to have been properly dismissed on motion

in view of failure of plaintiffs to plead they were entitled to recover under statute confining remedy of such a plaintiff to suit in equity for contribution brought within 6 months from time of payment of judgment (CL 1948, § 691.561 *et seq.*).

Appeal from Wayne; O'Hara (Chester P.), J. Submitted April 7, 1959. (Docket No. 6, Calendar No. 47,831.) Decided June 6, 1959.

Action by Hack Investment Co., a copartnership consisting of Nathan Hack, Morton Hack and Leonard Hack, and Honey Homes, Inc., a Michigan corporation, against Concrete Wall Company, a Michigan corporation, for contribution to payment of judgment after failure to impress full liability upon defendant subcontractor for damage to adjoining property during building operations. Suit dismissed on motion. Plaintiffs appeal. Affirmed.

*Robbins & Wechsler* (*Arthur L. Robbins,* of counsel), for plaintiffs.

*Alan N. Brown,* for defendant.

CARR, J. This case has resulted from the rendition of a judgment in an action, brought against the parties to the instant proceeding, for damages for alleged negligent injury to property. The jury in said action returned a verdict against these plaintiffs and the defendant, and judgment was entered accordingly. An appeal to this Court was dismissed because of failure to comply with prescribed procedure. Thereupon, to avoid enforcement of the judgment by execution or garnishment, plaintiffs paid the amount due to the judgment creditor and thereafter filed suit in equity to obtain indemnity from the defendant. Said action was based on the asserted claim that the conduct of the defendant was responsible

for the property damage on which the judgment was based, that plaintiffs were not actually at fault, and that, in consequence, they were not joint tort-feasors with defendant.

Motion was made to dismiss the bill of complaint seeking indemnity on the ground that the cause of action alleged was not cognizable in a court of equity and should have been brought at law. The motion was heard by Honorable Chester P. O'Hara of the Wayne circuit court, who also heard and determined the pending controversy. In a discussion of the motion to dismiss he indicated to plaintiffs' counsel that he would grant the motion unless plaintiffs amended their bill of complaint to seek contribution rather than indemnity, or procured the transfer of the case to the law side of the court for trial. Plaintiffs elected to pursue the second course, and the case was tried as an indemnity action before the judge without a jury. Based on the conclusion that under the record made plaintiffs had failed to sustain the burden of proof resting on them to show their freedom from concurrent negligence, judgment was entered for the defendant. On appeal said judgment was affirmed here by an evenly divided Court. *Hack v. Concrete Wall Company,* 350 Mich 118. A motion for rehearing was denied. Thereupon plaintiffs instituted the present action at law, asserting the right to recover contribution from defendant.

The declaration filed by the plaintiffs set forth the obtaining of judgment against the parties to the cause and the satisfaction thereof by plaintiffs. It was further alleged that the sum of $17,058.12 paid by plaintiffs included "the proportionate share of said obligation due, owing and payable by the defendant." It was also asserted that defendant expressly and impliedly agreed to reimburse plaintiffs for its proportionate share of the judgment, but had failed to do so. Motion to dismiss the case was made

on behalf of defendant, alleging that the declaration filed did not set up a cause of action cognizable at law and that the subject matter had been adjudicated between the parties in the prior action for indemnity. Thereupon plaintiffs filed an amended declaration embodying the averments of the original pleading, as above indicated, but inserting statements to the effect that the plaintiffs were not joint tort-feasors with defendant and that they were "merely passive or technical wrongdoers," the defendant's activities constituting the proximate cause of the damages for which the judgment was recovered. We need not consider whether plaintiffs intended by the amendment to their pleading to assert liability on the theory of indemnity rather than on a right of contribution. As before noted, the indemnity action had been tried previously and determined adversely to plaintiffs' right to recover.

It was agreed by the parties that the motion to dismiss the original declaration should be treated as interposed to the amended pleading. Following its submission the circuit judge filed a written opinion discussing at some length the legal principles involved and concluding that plaintiffs could not maintain their action at law for contribution. It is, we think, apparent that the action instituted by the plaintiffs sought contribution, was so considered in circuit court, and such is the position of the parties on this appeal. The circuit judge came to the conclusion that plaintiffs' remedy and the procedure therefor were subject to the provisions of PA 1941, No 303 (CL 1948, § 691.561 *et seq.* [Stat Ann 1957 Cum Supp § 27.1683(1) *et seq.*]). The first section of said act reads as follows:

"Whenever a money judgment has been recovered jointly against 2 or more defendants in an action for bodily injury or death resulting therefrom, or prop-

erty damage, and such judgment has been paid in part or in full by 1 or more of such defendants, each defendant who has paid more than his own pro rata share shall be entitled to contribution with respect to the excess so paid over and above the pro rata share of the defendant or defendants making such payment: Provided, however, That no defendant shall be compelled to pay to any other such defendant an amount greater than his pro rata share of the entire judgment."

Section 4 of the act further provides that an action for contribution thereunder must be brought in chancery within 6 months after discharge of the judgment by the plaintiff or plaintiffs in such action. For the reasons set forth in his opinion, the circuit judge entered an order granting the motion to dismiss, and plaintiffs have appealed.

Prior to the enactment of the statute above cited the rule was well settled that there was no right of contribution or indemnity as between joint tortfeasors guilty of actionable negligence, or *in pari delicto.* In exceptional cases, in which technical wrongdoing was distinguished from actual negligent conduct, recovery was permitted by a defendant, forced to make payment of the judgment, from a party responsible for the injury and damage resulting in judgment. In *Upham* v. *Dickinson,* 38 Mich 338, cited by counsel for plaintiffs, the action was brought to recover under an assignment given to a partner by an aggrieved party whose property rights had been invaded by the partnership. The action was neither one for contribution nor for indemnity. In discussing the situation, however, Justice COOLEY, who wrote for the Court affirming the action of the trial court in dismissing the case, said (pp 341, 342):

"There are undoubtedly some cases in which parties are technically wrongdoers in which the claim of one who has satisfied their liability to contribution

from the others is not only equitable, but contravenes no rule of public policy. Such would be a case where partners who are not personally in the wrong, are made liable to a third person by reason of the negligence of one of their servants. *Wooley* v. *Batte,* 2 C & P 417 (172 Eng Rep 188); *Bailey* v. *Bussing,* 28 Conn 455. There are also some cases in which full indemnity might be recovered; as where an auctioneer has been compelled to pay for property sold for one who did not own it, *Adamson* v. *Jarvis,* 4 Bing 66 (130 Eng Rep 693), or any other agent, employed to do an act not manifestly wrong, and which he supposed the principal had a right to do, is rendered liable to a third person. *Moore* v. *Appleton,* 26 Ala 633. Or a master has been compelled to respond for the negligence of his servant. *Green* v. *New River Co.,* 4 T R 589 (100 Eng Rep 1192); *Pritchard* v. *Hitchcock,* 6 M & G 151 (134 Eng Rep 844); *Ashley* v. *Root,* 4 Allen (86 Mass) 504; *Grand Trunk Railway* v. *Latham,* 63 Me 177. Possibly as between partners a similar action might be maintained under some circumstances. See *Devall* v. *Burbridge,* 6 W & S (Pa) 529. But as this is not a suit either for contribution or for indemnity, we need not pursue this suggestion. The circuit judge held the action not maintainable, and we agree with him."

The situation presented in the case at bar is not analogous to that in any of the cases referred to by Justice COOLEY in which indemnity or contribution was allowed. Furthermore, plaintiffs' failure in the prior action to recover indemnity rested on the basis of their failure to establish that they were not joint tort-feasors. They are not in position now to claim the right to relitigate that question. Neither may it be said that this case comes within an exception to the general rule of the common law with reference to contribution or indemnity as between joint tort-feasors. In *Indemnity Insurance Company of North America* v. *Otis Elevator Co.,* 315 Mich 393, 397, 398

(171 ALR 266), Mr. Justice Starr, writing for the Court, quoted from 42 CJS, Indemnity, § 35, p 626, as follows:

" 'In an action by one wrongdoer to recover indemnity from another wrongdoer the burden of proof is on plaintiff to show that the damages in the first recovery were not occasioned by his own neglect or fault, but that they were occasioned by the negligence or default of defendant.' "

The further question is presented as to the effect of the act of 1941, above cited, with reference to the class of exceptional cases in which the right to recover contribution, or indemnity, was permitted at common law. Plaintiffs contend that as to such exceptional cases an action at law will lie notwithstanding the statute. It is urged that the statute is in derogation of the common law, and therefore subject to a strict construction. In other words, it is argued that the statute should not be construed as applying to an action for contribution that might have been brought previously on the theory that it constituted an exception to the common-law rule. Such interpretation would lead to the somewhat anomalous result that in some instances an action at law may be brought for contribution while as a general proposition the remedy must be pursued in equity. The language of the statute does not permit of such interpretation. In terms it permits contribution as between tort-feasors against whom a judgment has been recovered in an action for personal injury or property damage, without reference to the precise basis on which the liability of each defendant tort-feasor is based.

The statute is not in derogation of the common law in the sense that it takes away any right of action previously existing. The provision that the suit must be brought in equity to enforce contribu-

tion goes merely to the form of the remedy to be pursued. Unlike the cases cited by counsel, the sole change made as to prior causes of action does not destroy the right but relates wholly to its enforcement. The legislative action was basically in derogation of the common law only as it abrogated the rule that as between tort-feasors generally there was no right of contribution. The statute clearly covers the class of cases formerly recognized as possible exceptions to the general rule, and the intent is manifest from its language that a uniform method of procedure shall be observed.

Unquestionably one asserting a statutory right of action in derogation of the common law must establish that he is within the terms of such statute. This Court in *Yount* v. *National Bank of Jackson,* 327 Mich 342, 347 (17 ALR2d 685), quoted with approval from *Hamilton* v. *Jones,* 125 Ind 176, 178 (25 NE 192), as follows:

> " 'Statutes in derogation of the common law are to be strictly construed, and one who seeks to maintain an action which was within the prohibition of the common law must be able to point to a statute which in plain and explicit terms authorizes the action to be maintained. A plaintiff who sues on a right of action given by statute must present a case clearly within the statute which creates the right.' "

*Bandfield* v. *Bandfield,* 117 Mich 80 (40 LRA 757, 72 Am St Rep 550), cited by counsel for appellants, involved the question whether the common-law rule as recognized in Michigan pursuant to which one spouse could not maintain an action against the other for a personal tort committed during coverture had been abrogated by laws creating and defining the rights of married women. It was held that in the absence of an express statute permitting it the action for damages for such a personal wrong would

not lie. The case is not in point in the instant controversy.

In *Township of Hart* v. *Noret,* 191 Mich 427 (LRA 1916F, 83), also cited by counsel, it appears that the action was one for indemnity, it being the claim of the plaintiff that judgment had been entered against it based on an injury for which the defendant alone was at fault. The action was brought at law and the Supreme Court held that the trial court was in error in sustaining a demurrer to the declaration under the facts therein alleged. It was further indicated that on the trial the defendant might have defenses that could be interposed to defeat liability. It further appears that Noret was not a party to the action in which the judgment paid by the township was recovered, and disregarded a notice to him to appear and defend the suit. While the opinion of the Court leaves no question as to the nature of the action, it is of interest to note that the circuit court treated it as an action for contribution by one joint tort-feasor against another.

The trial court was right in holding that plaintiffs' present action is one for contribution and that, as such, it is subject to the provisions of the statute above cited. The order of dismissal is affirmed.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.