JAMES, Appellant, *vs.* CHRISTY, *et al.*, Respondents.

1. An action by a parent for damages for the loss of his son, who was killed by the negligence of the defendant, a common carrier, does not abate by the death of the plaintiff, but survives to his personal representatives; but the *actual* damages from the loss of the son's services alone survive.

*Appeal from St. Louis Court of Common Pleas.*

*Todd & Krum*, for appellant. 1. An action for the causes set forth in the plaintiff's petition can be maintained. 20 Wend. 210. 3 Comstock, 489. 2. If the action, as stated in the plaintiff's petition, can be maintained, then it survives to the administrator. The personal representative of the plaintiff can maintain an action for the loss of the services of the plaintiff's son, caused by the gross carelessness and fault of defendants. This is the test in determining whether a cause of action survives. R. C. 76, art. 2, sec. 25. Acts 1849, art. 3, sec. 9. 4 Howard's Prac. Rep. (N. Y.) 358. Gould's Pl. 268, sec. 95, note 11. 3. But, it is insisted on the other side, that the word *rights*, used in the twenty-fifth section of article two, concerning administration, must be restricted to a right in tangible property. This construction of the language of that section, it is submitted, is too narrow and not justified either by the context or spirit of the statute. The language is broad enough to embrace any *right*, of whatever nature, for a wrong to which an action might be maintained against the wrong doer.

*R. M. Field* and *E. & B. Bates*, for respondents.   This case turns on the twenty-fifth and twenty-sixth sections of the second article of the Revised Code, tit. " Administration."   The word " rights," occurring in that section, is obviously intended to apply to rights of property only, or what is technically termed *rights of things*, as distinguished from mere personal rights.   Such was the construction of this court in the case of *Higgins* v. *Breen, Administrator of McNally*, where it is said that " this act seems to include, by express enactment, the injuries which were comprehended in the English act of 4 Edward III., by construction."   9 Mo. Rep. 497.   Numerous authorities might be cited to show that actions like the present abate by the death of the party.   *Chamberlain* v. *Wilson*, 2 Mo. Rep. 409.   1 Pick. 71.   13 S. & R. 183.   5 Pick. 257.   6 Greenl. 470.   *Clarke* v. *McClelland*, 9 Barr, 128.   Penn. Stat. in Dunlap, p. 589, §26, 27, 28.   4 Hawks, 133.   *Fairley* v. *Davis*, 6 Ala. 375.   *Reed* v. *Hatch*, 19 Pick. 47.

The twenty-sixth section of the second article of the administration law excepts from the provisions of the preceding section, actions for " injuries to the person of the intestate." The action complained of is a relative injury to the person of the intestate, James.   3 Black. Com. 142.   1 Bouvier's Law Dic. 693, tit. " Injuries."

Scott, Judge, delivered the opinion of the court.

The plaintiff brought an action against the defendants, as common carriers for hire, being the owners of a steam ferry boat used in crossing the Mississippi river from St. Louis to Illinois.   It is alleged that, by reason of the imperfection of the machinery of the boat, which was known to the defendants, and their negligence and carelessness, an explosion occurred which caused the death of a son of the plaintiff whilst he was a passenger on the boat, crossing the river.   The son was living with his father, and was fifteen years of age.   After the beginning

of the suit, the plaintiff died, and his administrator, entering his appearance, on motion, the suit was abated. The question is, whether the action survived to the administrator of the deceased.

1. By our law, the father has a property in the services of his son during his minority, and whilst he is under his guardianship. If, by the misconduct of another, he is deprived of these services, or the son is disabled from performing them, the law awards him a compensation in damages. The measure of damages, in such cases, is governed by the circumstances, which will be weighed by the jury. This controversy involves the construction of the twenty-fifth section of the second article of the act concerning executors and administrators. That section formerly underwent a discussion in this court, in the case of *Higgins* v. *Breen*, 9 Mo. Rep. 497. That case settles the principles which will govern this. It was there held, that the statute extends to all acts by which personal property is lessened in value. Here, the father was entirely deprived of all property in his son's services. The recovery will be limited to the actual value of the services, as they may be ascertained by a jury. The administrator will not be entitled to any remuneration for the loss of the society or comforts afforded by a child to his parent. Damages of this character died with the parent, and his estate is entitled to compensation, only so far as it has been lessened by the loss of the son's services. The father was no longer entitled to those services than during his life. Had the son been alive, on the death of his father, his services would not have belonged to his estate, but would have been due to the individual who succeeded him in the relation of parent, or would have belonged to himself.

The other judges content, the judgment will be reversed and the cause remanded.