VAWTER, *Administratrix*, v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant*.

1. **Action for Death of a Person: STATUTES: EXTRA-TERRITORIAL EFFECT: COMITY.** The right of action for the death of a person caused by the wrongful act, neglect or omission of another is purely statutory, and statutes giving such right of action have no extra-territorial effect. If such statutes are to be administered outside of the jurisdiction where enacted it must be done on principles of comity.

2. **Action by Administrator in Missouri Under Kansas Statute.** The statute of Missouri, Revised Statutes, section 97, expressly inhibits the prosecution of a civil action by an administrator for injuries to the person of the intestate, and an administrator appointed in Missouri cannot maintain an action here under the statute of Kansas for the death of the intestate in Kansas.

*Appeal from Moberly Court of Common Pleas.*—HON. G. H. BURCKHARTT, Judge.

REVERSED.

*H. S. Priest* with *T. J. Portis* for appellant.

(1) The objection of appellant to the introduction of any evidence under the petition should have been sustained. The petition does not state facts sufficient to render the appellant liable for the following reasons, to-wit: (*a*) Because the courts of this state will not enforce the right of action which the plaintiff claims accrued under the statute of Kansas. *Willis v. Ry. Co.*, 3 Tex. 282; *Richardson v. R. R.*, 98 Mass. 85; Cooley on Torts, 471; *Woodward v. R. R.*, 10 Ohio St. 121; Wharton on Conflict of Laws, sec. 711; *McCarthy v. Ry.*, 18 Kas. 46; *Proctor v. Ry.*, 64 Mo. 112; *Patton v. Ry.*, 96 Pa. St. 169; *Anderson v. Ry.*, 37 Wis. 321; *Whitford v. Ry.*, 23 N. Y. 465; *Armstrong v. Beadle*, 5 Sawyer 484; *Needham v. R. R.*, 38 Vt. 294; *State, etc.*,

*v. Ry.*, 45 Md. 41; *Bank v. Price*, 35 Md. 487; *Hunt v. Town, etc.*, 9 Vt. 417; Rorer on Inter-State Law, pp. 144, 145; *State, etc., v. John*, 5 Ohio Rep. 217; *R. R. Co. v. Cragin*, 71 Ill. 177; *Derrickson v. Smith*, 27 N. J. L. 166; *Halsey v. McLean*, 12 Allen 438; *Drinkwater v. Ry.*, 18 Me. 37; *Gorman v. Pacific R. R.*, 26 Mo. 441; *Judge of Probate v. Hibbard*, 44 Vt. 597; s. c. 8 Am. Rep. 396; 2 Rorer on Railroads, chap. LIV, sec. 3, p. 1149; *Brigham v. Claflin*, 31 Wis. 607; *Betty v. Ry. Co.*, 37 Wis. 323. (b) According to the allegations of the petition the cause of the death of respondent's intestate was the negligence of his fellow-employes. The law of the state of Kansas, which makes the employer liable to a servant for the negligence of a fellow-servant, is only a rule of decision for the courts of that state, and will not be enforced by the courts of this state, especially as it is contrary to the settled law of this state. Story Conflict of Laws, sec. 23; *Anderson v. R. R. Co., supra*; *Pickering v. Fisk*, 6 Vt. 102; Rorer Inter-State Law, *supra;* Wharton on Conflict of Laws, secs. 4, 104, 478 and 490, and notes; *Vega v. Vienna*, 1 Barn. & Ad. 284; *Scoville v. Canfield*, 14 Johns. 338; *Pearsoll v. Dwight*, 2 Mass. 84; *Harrison v. Sterry*, 5 Cranch, 299; *McGowan v. R. R. Co.*, 61 Mo. 528; *Blessing v. R. R. Co.*, 77 Mo. 410. (c) Plaintiff was appointed and qualified as administratrix of the intestate's estate under the laws of this state, and therefore had only such powers and rights as were given or conferred by the law of this state; under which there was no authority to maintain this action. Such a right of action is given to her as administratrix by the statutes of Kansas alone. *Taylor, Adm'r, v. R. R. Co.*, 78 Ky. 348; *Woodward v. R. R.*, 10 Ohio St. 121; *Richardson v. R. R. Co.*, 98 Mass. 92; *Mackay v. R. R.*, 4 Fed. Rep. 617. (2) In addition to the foregoing reasons, the demurrer to the evidence at the close of plaintiff's case and at the conclusion of the whole case should have been given upon the ground of the intestate's contributory negligence

*O'Neill v. R. R. Co.*, 45 Iowa 546; *Wright v. R. R. Co.*, 25 N. Y. 568; *R. R. Co. v. McDade*, 58 Ga. 73; s. c. 18 Am. Ry. Rep. 183; *Wolsey v. R. R. Co.*, 33 Ohio St. 227; *R. R. Co. v. Patterson*, 93 Ill. 195; *Thomas v. R. R.*, 51 Miss. 637; *Wood v. R. R.*, 70 N. Y. 195; *Lyon v. R. R.*, 31 Mich. 429; *Rose v. R. R.*, 9 Am. Ry. R., 515; s. c. 58 N. Y. 217. (3) Respondent's second instruction is directly conflicting with instruction number two given for appellant and number three given by the court of its own motion. The rule given the jury in plaintiff's first and third instructions by which to measure or estimate the damages in addition to being incorrect as a rule, is also misleading. *Edmunds v. Ry. Co.*, 3 Mo. App. 603; *R. R. Co. v. Brown*, 26 Kas. 443; *Rose v. R. R. Co.*, 39 Iowa 246. The verdict is excessive. *Brown's case, supra; Rose's case, supra.* (4) The court erred in admitting incompetent evidence in behalf of respondent and rejecting proper evidence offered by appellant. (5) The court erred in giving instructions asked by respondent and in refusing instructions asked by appellant; and in giving instructions of its own motion.

*James Ellison* and *W. C. Ellison* for respondent.

(1) This action is brought in Missouri under the statutes of Kansas for killing plaintiff's intestate and husband in a collison happening in Kansas. That such an action is maintainable is established by the following authorities. *Dennick v. Ry.*, 103 U. S. 11; *Selma, Rome, etc., Ry. v. Lacy*, 49 Ga. 106; *W. & A. Ry. Co. v. Strong*, 52 Ga. 461; *Atchison, etc., v. Moore*, 29 Kan. 632; *Boyd v. Clark*, 8 Fed. Rep. 849; *Hyde v. Ry. Co.*, 61 Ia. 441; *Hannibal & St. Jo. Ry.*, 31 Kas. 586: *Leonard v. Columbia, etc.*, 84 N. Y. 48; *Herrick v. Ry.*, 31 Minn. 11; *Boyce v. Ry.*, 18 N. W. Rep. 673; *Great Western Ry. v. Miller*, 19 Mich. 305; *Nashville, etc., v. Sprayberry*, 9 Heisk. 852; 8 Bax. 341; *Shedd v. Moran*, 10 Ill. App. 618; *Delcharge v. Hietkemper*, 20 N. W.

Rep. 385; *Chicago v. Ry.*, 60 Miss. 977; *Ry. Co. v. Wallace*, 50 Miss. 244. The following authorities establish the same proposition by analogy and the course of reasoning therein. *Smith v. Elder*, 3 John. 105; *Glen v. Hodges*, 9 John. 67; *King v. Sarria*, 69 N. Y. 24. That the action can be maintained by the administrator appointed in this state, see the following: *Dennick v. Railroad Co.*, 103 U. S. 11; *Leonard v. Columbia Steam Navigation Co.*, 84 N. Y. 48. The same thing is shown by the reasoning of the court in *Needham, Adm'r, v. Grand Trunk Ry. Co.*, 38 Vermont 304. (2) That this action is transitory is evident from its very nature. The following are a few of the many authorities establishing this universal rule, that all actions for injuries to persons or personal property are transitory: *Glenn v. Hodges*, 9 Johns. (N. Y.) 67; *Gardner v. Thomas*, 14 id. 134; *Shaver v. White*, 6 Munf. (Va.) 112; *Smith v. Butler*, 1 Daley (N. Y.) 508; *Northern Ry. Co. v. Scholl*, 16 Md. 337; *Smith v. Bull*, 17 Wend. 323; *Genin v. Grier*, 10 Ohio 209; *Watts v. Thomas*, 2 Bibb (Ky.) 458; *Redgrave v. Jones*, 1 Har. & M. (Md.) 195; *Ry. Co. v. Harris*, 12 Wall. 65. (3) It is not against our "public policy" to sustain this action in our courts. The rule of "public policy" does not apply to such cases. *Herrick v. Minneapolis & St. Louis Ry. Co.*, 31 Minn. 11; Story Conflict Laws, §§ 258 and 259; *Shedd v. Moran*, 10 Ill. App. (Bradwell) 618; *Stoeckman v. T. H. & I. R. Ry. Co.*, Mo. Appeal; *Boyce v. Wabash Ry.*, 18 Northwestern Rept. 673; *King v. Sarria*, 69 N. Y. 31; *Commonwealth of Ky. v. Bassford*, 6 Hill. (N. Y.) 526. (4) The evidence does not warrant the assumption that Vawter was negligent. It clearly fails to show that he was guilty of any negligence contributing directly to his death. On the subject of contributory negligence, it is held, that it must be such as contributes directly to the accident—must be the proximate cause. Wharton on Negligence, secs. 323, 4, 5, 6,

335, and 343; *Buesching v. The St. Louis Gas Light Co.*, 73 Mo. 219; *Whalen v. St. L., K. C. & N. Ry. Co.*, 60 Mo. 323; *Meyers v. Chicago, R. I. & Pac. Ry. Co.*, 59 Mo. 223; *Burham v. St. L. & I. M. Ry. Co.*, 56 Mo. 338; *Nagel v. Missouri Pac. Ry. Co.*, 75 Mo. 665; *U. P. Ry. Co. v. Rollins*, 5 Kansas 167. (5) The instruction as to damages is correct. *K. P. Ry. Co. v. Cutter*, 19 Kan. 83; *A., T. & S. F. Ry. Co. v. Brown*, 26 Kan. 443; *Balt. & Ohio R. R.*, 24 Md. 271; *Chicago v. Scholten*, 75 Ill. 468; *Penn. Ry. Co. v. Goodman*, 62 Pa. St. 329; *Railroad Co. v. Barron*, 5 Wall. 90; *Needham v. Ry. Co.*, 38 Vt. 294.

BLACK, J.—Plaintiff is the widow of W. R. Vawter; and was appointed administratrix of his estate by the probate court of Schuyler county, Missouri. She brings this suit in her representative capacity against the defendant to recover damages for the death of her husband. He was in the employ of the defendant. While making a trip over the road, his train left the main track and ran on a side track, at Parsons in the state of Kansas, came in collision with a stock train, and he was killed. His death, it is alleged, was caused by the negligence of defendant's servants, in leaving the switch at that place in an improper position. Defendant contends that he and those engaged with him on his train were guilty of negligence in running the train at a rate of speed prohibited by the defendant's rules, because of which he was killed.

1. Civil actions for the death of a person caused by the wrongful act, neglect, or omission of another, did not exist at common law. A right of action in such cases is given by the statute law of many of the states. These statutes have no extra-territorial effect, so that, as is conceded in this case, the plaintiff, if she can recover at all, must do so by force of the statutes of the state of Kansas, and not because of any statute of this state.

To that end she pleads and bases her right to recover upon two sections of the statutes of that state, which are as follows : "When the death of one is caused by a wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter, for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased." Also : "Every railroad company organized, or doing business in this state, shall be liable for all damages done to employes of such company in consequence of any negligence of its agents, or any mismanagement of its engineers, or other employes to any person sustaining such damages."

The question arises whether she can maintain this action in this state. The following authorities support her claim of right so to do. *Leonard, Adm'r, v. The Columbia Steam Navigation Company*, 84 N. Y. 48; *Dennick v. Railroad Company*, 103 U. S. 11. The first of these two cases is, in a large degree, placed upon the · ground that the statute of the state of Connecticut, where the cause of action accrued, was in all material respects the same as that of New York. The other was also brought in the state of New York, though the action was founded on the statute of New Jersey. In both of these states, it would seem, the personal representative was the proper and only party to sue, in such cases. There is no material difference between the statute of the state of Kansas and that of the state of Illinois in the respect under consideration. The St. Louis court of appeals in *Stoeckman Adm'r, v. Terre Haute & Ind. R. R. Co.*, 15 Mo. App. 503, came to the conclusion that an administrator appointed in this state might prosecute such a suit under the statute of Illinois. In *Taylor's Adm'r*,

*v. The Pennsylvania Company*, 78 Ky. 348, the death occurred in the state of Indiana. The administratrix of the estate of the deceased was appointed in the state of Kentucky, and brought her suit in the courts of that state, founding her right to recover upon a statute of the state of Indiana, which is precisely the same as the first of the sections of the statute of Kansas, above quoted. The court, in that case, denied the right and power of the administratrix to prosecute the suit in the courts of the state of Kentucky, and, among other things, said : " A Kentucky administrator, suing in a Kentucky court, must be able to show that the laws of Kentucky entitle him to the thing sued for. He cannot receive his office from one jurisdiction and appeal to the laws of another jurisdiction for rights or powers, not given by the law which created him." Other courts, where the same question was involved have been equally positive in the assertion of the same doctrine. *Woodard v. The Mich., South. & Northern Ind. R. R. Co.*, 10 Ohio St. 121 ; *Richardson, Adm'r, v. New York Cent. R. R. Co.*, 98 Mass. 85.

By the statute of Kansas, the right of action accrues to the personal representative, the executor or administrator. The damages inure to the exclusive benefit of the widow and children, or next of kin, and do not constitute assets of the estate, but rather a trust fund for the designated persons. Here the amount is fixed, is, in part, of the nature of a penalty, and can only be recovered by designated relatives. The rule of law which exempts the master from liability for damages occasioned to one servant by the negligent act of a fellow servant, is in force in this state, but by the statute of that state, so far as relates to employes of railroad companies, has been abrogated by the statute pleaded in this case. An administrator appointed in this state receives his power and authority to sue from the laws of this state, and from this state alone, to which he is amenable throughout the entire course of the administration. There

is no statute of this state by which he has or can have anything to do with suits of this character or the damages when recovered. He may, by section 96, Revised Statutes, 1879, bring an action for all wrongs done to the property rights or interests of the deceased against the wrongdoer. Section 97 provides: "The preceding section shall not extend to actions * * * on the case for injuries * * * to the person of the testator or intestate of any executor or administrator." For fear that section 96 might be construed to confer upon the administrator a right to sue for injuries to the person of the intestate, the next, as will be seen, declares in express terms that he shall not do so. To sustain this action we must say he may maintain such actions, and that, too, because of a statute of another state. In short, we must convert him into a trustee for purposes entirely foreign to any duty devolved upon him as administrator by the laws of this state. This we cannot do.

We understand a general law of the state of Kansas permits foreign administrators to sue and be sued in the courts of that state, and that he may there prosecute a suit under this damage act, if the law of the state from which he gets his appointment gives him like powers. *R. R. Co. v. Cutter*, 16 Kas. 568. But if the law of the state, where the appointment is made, prohibits him from prosecuting an action for damages occasioned by the wrongful act of another, and resulting in death, then he cannot maintain the suit in the courts of that state. This appears to be the result of a recent decision, a short note of which is given in the Kansas Law Journal of February 14, 1885. Most courts and text writers of acknowledged authority, hold that these actions, given by statute for causing death by neglect, default, or a wrongful act, can only be enforced by the courts of the jurisdiction where the wrong is suffered and the right of action is given. Other courts treat such actions as transitory, and enforce the statute law of the state

where the injury was suffered, though the action be not one of any general recognized right.    Others again entertain such actions when the laws of the two states upon the same subject are similar.    If these statutes are administered outside of the jurisdiction where enacted, it must be done on principles of comity.    Such principles are not to be narrowed, but they do not justify the courts in going to the extent to which we must go to sustain this action, *i. e.*, to say to an administrator you may sue in the county of the state of your appointment, under the law of another state, when denied the right to bring the same, or a like suit, by the laws of the state conferring the appointment.

Judgment of the trial court is reversed.    The other judges concur.