NOXON TOOMEY, Administrator of the Estate of PATRICK JOSEPH TOOMEY, Deceased, Appellant, v. ROLLA WELLS, Receiver of UNITED RAILWAYS COMPANY OF ST. LOUIS, Respondent.*

St. Louis Court of Appeals.     Opinion Filed February 2, 1926.

1. **HUSBAND AND WIFE:** Damages: Wife Injured: Action by Husband: Loss of Services, Comfort and Society of Wife: Common-law Action. A husband's cause of action for the loss of the services, comfort and society of his wife, if based upon a personal injury to the wife, is a common-law action of trespass on the case, no statute having abrogated the common law as to such actions.

2. **ABATEMENT AND REVIVAL:** Actions Ex Delicto: Statutes: Declaratory of Common Law. Sections 97 and 98, Revised Statutes 1919, as to abatement or survival of causes of action *ex delicto* are but declaratory of the common law.

3. **HUSBAND AND WIFE:** Damages: Wife Injured: Action by Husband: Loss of Comfort and Society of Wife: Death of Husband: Survival. A husband's cause of action for loss of comfort and society of his wife resultant from alleged injuries re-

Toomey v. Wells.

ceived by the wife through the negligence of defendant, *held* such cause of action, not being for a wrong done to the property rights and interest of the husband which survive to his estate, but being rights which are purely personal and domestic rights, did not survive by any force of sections 97 and 98, Revised Statutes 1919, which apply to property rights and interest only.

4. ———: ———: ———: ———: ———: Statute: Personal Injuries: Survival. The loss of society, and comfort of the wife is not an injury to the health or person of her husband within the meaning of section 4231, Revised Statutes 1919, which provides for the survivorship of actions brought by the injured party for personal injuries.

5. ABATEMENT AND REVIVAL: Survival of Actions for Damages for Personal Injuries: Statute: Does Not Apply to Indirect or Consequential Damages. Section 4231, Revised Statutes 1919, providing for the survival of causes of action brought by the injured party for personal injuries, does not apply to one who has sustained indirect or consequential damages.

6. ———: ———: Survival of Actions for Damages to Property Rights: Statutes: Not in Pari Materia. Section 4231, Revised Statutes 1919, providing for the survival of causes of action for personal injuries is not in *pari materia* with sections 97 and 98, providing for the survival of actions *ex delicto* for damages to property rights and interest.

---

*Corpus Juris-Cyc. References; Abatement and Revival, 1CJ, pp. 155, n. 33; 187, n. 26; 197, n. 94; 203, n. 46, 47. Husband and Wife, 30CJ, p. 1132, n. 77.

Appeal from the Circuit Court of the City of St. Louis.
—*Hon. Wm. H. Killoren*, Judge.

AFFIRMED AND REMANDED.

*Lee A. Hall* for appellant.

(1) (a) The husband's right of action for loss of services, companionship and society of his wife, and expenses incurred in palliating her injuries resulting from her being negligently injured by another, arises out of his obligation to support and care for his wife in sick-

ness and in health, and is for an injury to his personal estate, and survives after his death, to his administrator. Secs. 97 and 98, R. S. 1919; Cregin v. Brooklyn C. Railroad Co., 75 N. Y. 192; Gordon v. Strong, 158 N. Y. 407, 409; Gorlitzer v. Wolffberg, 208 N. Y. 475, 478; Smith v. Lehigh Valley R. R. Co., 232 Pa. 456; Forbes v. City of Omaha, 112 N. W. 326. (b) After suit filed by the husband in his lifetime for loss of services of his wife, and expense of palliating her injuries due to the negligence of another, it may be revived under section 4231, R. S. 1919. Primm v. Seligman, 253 S. W. 469; Sections 97 and 98, supra, point 1a; Sec. 4231, R. S. 1919; Smith v. Lehigh Valley R. R. Co., supra, point 1a. (2) The cause of action is entire, and includes all elements of the damage, flowing from the one wrong done. Snyder v. Ry. Co., 86 Mo. 617; Norton v. Reed, 281 Mo. 490; Wietueschester v. Miller, 276 Mo. 331; Cook v. Globe Ptg. Co., 227 Mo. 524; Laughlin v. Powder Co., 153 Mo. App. 512; Cregin v. Railroad, supra point 1a; Bradley v. Federal Life Ins Co., 216 Del. App. 602; Tucker v. Western U. T. Co., 157 N. Y. S. 873.

*Charles W. Bates, T. E. Francis* and *Austin E. Park* for respondent.

(1) The trial court did not err in granting defendant a new trial on the ground that plaintiff's instructions erroneously permitted a recovery for loss of consortium. Plaintiff's intestate had a cause of action against defendant for loss of his wife's services, comfort and society, resulting from her injury through the negligence of defendant, but such cause of action was not for a wrong done to the "property rights and interests" of the husband. Longan v. Railroad, 299 Mo. 561; Gilkerson v. Railroad, 222 Mo. 173; Bates v. Sylvester, 205 Mo. 493; Vawter v. Railroad, 84 Mo. 685; Stanley v. Vogel, 9 Mo. App. 98; James v. Christy, 18 Mo. 162; Secs. 97, 98, 4231, R. S. 1919; Miller v. Transit Co., 216

Mo. 99; Elliott v. Kansas City, 210 Mo. 576; Greer, Admr., v. Railroad, 173 Mo. 276. The husband's cause of action for loss of services, comforts and society of his wife, if based upon a personal injury to the wife, is the common-law action of "trespass on the case." Bl. Com., pp. 139-142; Guy v. Livesey, Cro. Jac. 501; Hyde v. Scyssor, Cro. Jac. 538; Cooley, Torts, 566; 2 Hilliard, Torts, 498; Schuler, Dom. Rel., sec. 143; Reeve, Dom. Rel., 38; Southerland, Damages, sec. 1252; Furnish v. Mo. Pac. Ry., 102 Mo. 669; Elliott v. Kansas City, 210 Mo. 576. Such causes of action do not survive the death of the husband, and, therefore, cannot be revived by the personal representative of the deceased husband. Authorities cited above. See, also: Selleck v. Janesville, 104 Wis. 570, 80 N. W. 944. There is no statute in Missouri abrogating the common law as to such actions. The cause of action, therefore, is not a transmitted one. For these reasons, the giving of plaintiff's instructions Nos. 1, 2 and 4 was error, and likewise the refusal of defendant's instructions Nos. 1 and 2 was error, and the granting of a new trial to defendant was, therefore, proper. (2) The order granting a new trial to defendant was proper and should be affirmed for the further reason that the court erred in giving and reading to the jury plaintiff's instruction No. 3. Said instruction is erroneous because it authorized the jury to return a verdict for plaintiff upon any theory they might construct or evolve out of their own minds, instead of submitting, as it should have done, the specific negligence pleaded in the petition and the acts of negligence which plaintiff's evidence tended to prove. Beave v. Transit Co., 212 Mo. 331; Miller v. Railroad, 155 Mo. App. 528; Allen v. Transit Co., 183 Mo. 411; Stumpf v. United Rys., 227 S. W. 852; Feary v. Railroad, 162 Mo. 96; Ely v. Railroad, 77 Mo. 34; Waldhier v. Railroad, 71 Mo. 514; Price v. Railroad, 72 Mo. 414; Leslie v. Railroad, 88 Mo. 50; Yarnell v. Railroad, 113 Mo. 570; Bunyan v. Railroad, 127 Mo. 12; Hite v. Railroad, 130 Mo. 132; McMan-

amee v. Railroad, 135 Mo. 440; Bartley v. Railroad, 148 Mo. 124; Motsch v. Standard Oil Co., 223 S. W. 676; Walling v. Mo. Stair Co., 227 S. W. 880; Waller v. Graff, 251 S. W. 733. (3) The order granting a new trial to defendant was proper and should be affirmed for the further reason that the court erred in giving and reading to the jury plaintiff's modified instruction No. 2. Said instruction is erroneous because it authorized the jury to return a verdict for plaintiff upon any theory they might construct or evolve out of their own minds, instead of submitting, as it should have done, the specific negligence pleaded in the petition and the acts of negligence which plaintiff's evidence tended to prove. Beave v. Transit Co., 212 Mo. 331; Miller v. Railroad, 155 Mo. App. 528; Allen v. Transit Co., 183 Mo. 411; Stumpf v. United Rys., 227 S. W. 852; Feary v. Railroad, 162 Mo. 96; Ely v. Railroad, 77 Mo. 34; Waldhier v. Railroad, 71 Mo. 514; Price v. Railroad, 72 Mo. 414; Leslie v. Railroad, 88 Mo. 50; Yarnell v. Railroad, 113 Mo. 570; Bunyan v. Railroad, 127 Mo. 12; Hite v. Railroad, 130 Mo. 132; McManamee v. Railroad, 135 Mo. 440; Bartley v. Railroad, 148 Mo. 124; Motsch v. Standard Oil Co., 223 S. W. 676; Walling v. Mo. Stair Co., 227 S. W. 880; Waller v. Graff, 251 S. W. 733.

DAUES, P. J.—This action was filed originally by Patrick Joseph Toomey on March 8, 1922, for medical expenditures and for loss of services and companionship of his wife, Mary V. Toomey, resultant from alleged injuries received by the wife through the negligence of the defendant, respondent here. On March 12, 1922, Toomey, the husband, died, and thereupon Noxon Toomey, the son of the original plaintiff, qualified as his administrator, and on April 19, 1922, entered his appearance and the cause was revived in his name. The petition was then amended, setting out those facts and alleging as a cause of action that the wife of Patrick Joseph Toomey on February 1, 1921, was injured by being thrown to the

floor of one of defendant's cars by an unusual jerk. It is alleged that her injuries had prevented her from playing the piano, whereby her husband was deprived of the pleasure and happiness derived therefrom, and that because of her injuries Toomey lost her services and the comfort and enjoyment of her companionship and society; that he has expended $500 for medical attention and nursing for her and that further expenditures would be necessitated, and that the suit is brought for injuries other than those resulting in death.

The answer is a general denial.

The cause was tried to a jury and there was a verdict in favor of the plaintiff for the sum of $1986. A motion for new trial was filed by defendant in due time, which the court overruled, conditioned upon plaintiff entering a remittitur in the sum of $1500. Plaintiff declining to remit within the allotted time, the court sustained defendant's motion for new trial. From the order granting a new trial, plaintiff has brought this appeal.

The verdict was for $1986, of which $486 was for expenses incurred by the husband for the wife, and $1500 was for loss to the deceased of services, companionship and the comfort of the society of Mrs. Toomey for a period of one year and forty days, the period of time from the injury of the wife to the husband's death. The lower court, by instructions, authorized the jury to find for all these items, including loss of society and comfort, but thereafter concluded that the element for which the jury awarded the $1500 abated, and for failure of plaintiff to remit that amount of the verdict, sustained defendant's motion for new trial.

We have, then, the one question before us as to whether the trial court correctly held in granting a new trial, that the claim for damages based upon loss of society and personal services does not survive the husband's death for the purpose of enriching the husband's estate. This question, in its exactness, seems to be new in our jurisdiction.

It should be kept in mind that the husband died a year after the alleged injury to his wife, and that four days before his death he commenced this action which, after his death, was prosecuted to judgment by his son, the administrator of his estate.

*In limine,* it may be stated that the husband's cause of action for the loss of the services, comforts and society of his wife, if based upon a personal injury to the wife, is the common-law action of "trespass on the case." In Missouri, we have no statute abrogating the common law as to such actions. As to abatement or survival of causes of action *ex delicto,* there are certain statutory enactments which are but declaratory of the common law. Section 97, Revised Statutes Missouri 1919, is as follows:

"For all wrongs done to property, rights or interest of another, for which an action might be maintained against the wrongdoer, such action may be brought by the person injured, or, after his death, by his executor or administrator, in the same manner and with like effect, in all respects, as actions founded upon contract."

Section 98 reads thus:

"The preceding sections shall not extend to actions for slander, libel, assault and battery or false imprisonment, nor to actions on the case for injuries to the person of the plaintiff, or to the person of the testator or administrator."

In the early case of James v. Christie, 18 Mo. 162, the facts, briefly, were that a father brought suit to recover damages suffered by him in the loss of his son who was killed at the age of fifteen years by an explosion on a steamboat owned by defendant and upon which the boy was a passenger. After beginning the suit, the plaintiff died, and the suit was sought to be revived in his name. It was there held that the action did not abate by the death of the plaintiff but survived to his representatives, and the court expressly ruled that the *actual* damages from the loss of the son's services alone survived, and that the administrator who sued for the father's estate would not be entitled to any remuneration for the loss

of the society and comforts afforded by the child to its parent; that damages of that character died with the parent, and his estate was entitled to compensation only so far as it had been lessened by the loss of the son's services. Whatever may be said of this case as an authority for the proposition that the estate of the deceased husband would be entitled to recover for loss of services of the wife, it does, however, distinctly rule that the measure of damages would be the value of the wife's services lost to the husband during the remainder of his life, and disregards the element of damages consisting of the loss of society, and comfort. These elements are expressly ruled out even by the James case.

It is instructive to follow the consideration of the James case by a reading of Stanley v. Vogel, 9 Mo. App. 98, where the James case as to the loss of services to the deceased's estate is called "peculiar."

In Gilkeson v. Railroad, 222 Mo. 173, 121 S. W. 138, the Supreme Court collated the authorities of this State on the general subject, and quoting from the case of Bates. v. Sylvester, 205 Mo. 493, 104 S. W. 73, the court said, at page 188:

"By reference to section 96 (which is now 97, R. S. 1919), it will be noted that the statute refers to 'wrong done to property, rights or interests of another,' and counsel for plaintiff cites us to James v. Christie, 18 Mo. 162. That was an action by the administrator of James for the negligent killing of his son by the explosion of a steam ferry boat on which his son was a passenger. The son was living with his father and was fifteen years old. The question was whether the action survived to the administrator of the father, and it was held by this court that the father had a property-right in the service of his son during his minority and whilst he was under his guardianship, and if by the misconduct of another he was deprived of those services, or the son's ability of performing them, the law awarded him a compensation in damages. And it was pointed out by Judge Scott that the damages in such case must be limited to the actual

value of those services and that all other damages die with the father. In other words, the language of section 96, to-wit, 'property, rights or interest,' means and should read 'property rights or interest,' and this was the construction placed upon it by this court in Vawter v. Railroad, 84 Mo. 686. At common law the death of a human being gave rise to no civil action in behalf of any person under any circumstances, as has often been decided by the appellate courts of this State. [McNamara v. Slavens, 76 Mo. 1. c. 331; Barker v. Railroad, 91 Mo. 1. c. 91; Brink v. Railroad, 160 Mo. 1. c. 92; Stoeckman v. Railroad, 15 Mo. App. 1. c. 507.]''

Thus our Supreme Court construes the language of section 97 of our Statutes as omitting the comma between the words "property" and "rights" in the phrase "property, rights or interests." The court said the phrase should be read "property rights or interest," and not "property, rights or interest." Plaintiff, of course, had a cause of action against the defendant for loss of his wife's comfort and society resulting from her injury through the negligence of the defendant, but the question then is whether such cause of action is for wrong done to the "property rights and interest" of the husband which survive to his estate. We think such rights are purely personal and domestic rights which do not survive by any force of sections 97 and 98 of the statutes, which apply to "property rights and interest" only. And we believe we have a fulcrum for that view in the following Missouri cases: Freie v. Railroad, 283 Mo. 457, 222 S. W. 824; Longan v. Railroad, 299 Mo. 561, 253 S. W. 758; Gilkeson v. Railroad, 222 Mo. 173, 121 S. W. 138; Bates v. Sylvester, 205 Mo. 493, 104 S. W. 73; Vawter v. Railroad, 84 Mo. 685, and the Stanley and James cases above discussed.

New York has similar statutes as our sections 97 and 98, though the courts there have construed them as protecting pecuniary rights and interests and not as our courts have held that it covers property rights and interests only. In Cregin v. Brooklyn C. T. R. Co., 83

N. Y. 595, the court held that damages for expenses, etc., incurred by reason of the wife's injury survived to the personal representative of the husband, but that no recovery could be had by the estate for loss of the wife's society and comfort by the husband. The opinion states that "the loss of the wife's society and the right of action for that dies with him."

Appellant's learned counsel relies upon the case of Primm v. Schlingmann, 253 S. W. 469, as saving the cause of action. In that case it was held that there was a survival in an assault and battery case as against a deceased defendant under section 4231, Revised Statutes 1919. The cause of action was revived against the administrator of a tortfeasor under said section 4231, but the language of that statute cannot be broadened beyond its plain language. Section 4321 relates to actions brought by the injured party for personal injuries, whether such injuries be to the health or to the person of the injured party. In the Primm case, supra, we ruled that a cause of action was revived under section 4231 because the surviving party was suing for injury to her health and person, which was exactly what the statute contemplated. It cannot be correct to say that the loss of society and comfort of a wife is an injury to the health or person of her husband within the meaning of that act. If a suit of the injured wife were brought by her, same would not abate upon her death and could be revived by her personal representative and a recovery had for injuries to her health and person, notwithstanding her intervening death, but the loss of her society and comfort would not be elements of damages in such a suit by her or by her personal representative. These particular elements are proper elements in her husband's suit, but these are not "personal injuries" to the health or person of the injured party, the wife. Thus, we do not think that section 4231 of the statute applies, but that we must look to sections 97 and 98 of the statute. [See Bates v. Sylvester, supra.] We think the statute, section 4231,

abrogates the common law as to the parties as to causes of action which relate to injury to the health and person, and not to actions brought by the husband of the injured party because he suffers the loss of the society and comfort of the injured party. It does not apply to one who has sustained indirect or consequential damages. It should be noted, too, that section 4231 is not *in pari materia* with sections 97 and 98 of the statute. [See Freie v. Railroad, supra.] We believe that the court in considering the motion for new trial was correct in concluding that the elements of the loss of society and comfort which the deceased husband sustained by his wife's injuries and during his lifetime did not survive as a cause of action by the administrator against the defendant.

The court was correct in granting a new trial for erroneously admitting those elements in the instructions to the jury. Judgment affirmed and cause remanded. *Becker* and *Nipper, JJ.,* concur.