ELMER C. BURG v. MAUDE E. KNOX, Administratrix, Appellant.—67 S. W. (2d) 96.

Division Two, December 20, 1933.*

*NOTE: Opinion filed at May Term, 1933, September 4, 1933; motion for rehearing filed; motion overruled October 28, 1933; motion to transfer to Court en Banc filed; motion overruled at September Term, December 20, 1933.

*Horace Guffin* and *Edmund B. Smith* for appellant.

*J. Francis O'Sullivan, Joseph H. Brady* and *Maurice J. O'Sullivan* for respondent.

FITZSIMMONS, C.—This case comes to us by transfer from the Kansas City Court of Appeals upon the certificate of one of its judges that the opinion of that court is contrary to a previous decision of the St. Louis Court of Appeals. [Burg v. Knox, 54 S. W. (2d) 797.] In these circumstances it is our duty to determine the cause "as in case of jurisdiction obtained by ordinary appellate process" (Const., Sec. 6, Art. VI, Amendment of 1884), whether or not the stated conflict exists. The necessary facts and the question of law presented are thus stated in the opinion of the Kansas City Court of Appeals (54 S. W. (2d) 797):

"This is an action for personal injuries. There was a verdict and judgment in favor of plaintiff in the sum of $7,500. Defendant has appealed.

"The facts show that plaintiff, while riding in an automobile in Kansas City, Kansas, on his way home in that state, as a guest of one James D. Knox, a resident of this State, was injured as a result of the carelessness and negligence of said Knox in driving his car. Knox died as a result of his own negligence in the matter and the defendant was appointed by the Probate Court of Jackson County in this State as administratrix of his estate. Thereafter, this suit was brought.

"The sole question presented to us for determination by the parties to this action is whether one may maintain, in this State, a cause of action against the administratrix of the estate of a tort feasor when the laws or statutes of the state, where the wrong was committed, provide for such a cause of action, it being admitted that had this suit been brought in the state of Kansas it could have been maintained under the statutes of that state. [See Sec. 60-3201, General Statutes of Kansas.]"

The Kansas City Court of Appeals ruled that respondent (plaintiff) could not maintain his action and accordingly it reversed the judgment of the trial court. The gist of the opinion of the appellate court is that under the common law, declared by Section 99, Revised Statutes 1929, there is prohibited the bringing of a suit against the personal representative of a deceased person upon a cause of action arising in this State founded upon the negligence of the wrongdoer occurring during his lifetime. Therefore, the opinion concludes, it is against the public policy of this State to permit such a cause of action arising under the laws of another state to be prosecuted in our courts. In our view, the Court of Appeals arrived at this result by imputing to Sections 98 and 99, Revised Statutes 1929, a vigor that they do not have, and by attributing to Section 705, Revised Statutes 1929, an impotency which it does not merit.

Sections 98 and 99, Revised Statutes 1929, are as follows:

"Sec. 98.—For all wrongs done to property rights, or interest of another, for which an action might be maintained against the wrong-

doer, such action may be brought by the person injured, or, after his death, by his executor or administrator, against such wrong-doer, and, after his death, against his executor or administrator, in the same manner and with like effect, in all respects, as actions founded upon contract.''

''Sec. 99.—The preceding section shall not extend to actions for slander, libel, assault and battery or false imprisonment, nor to actions on the case for injuries to the person of the plaintiff, or to the person of the testator or intestate of any executor or administrator.''

These sections were placed upon the statute books of Missouri in 1835, as Sections 24 and 25, of Article II, of an act respecting executors and administrators approved March 21, 1835 (see page 48, R. S. 1835). They were the first modification of the rule of the common law that actions in tort do not survive the death either of the wronged or of the wrongdoer. But they limit their modification to the survival of actions for wrongs done to property. [Vawter v. Railway Co., 84 Mo. 686, 54 Am. St. Rep. 105; Bates v. Sylvester, 205 Mo. 493, 104 S. W. 73, 11 L. R. A. (N. S.) 1157; 120 Am. St. Rep. 761; 12 Ann. Cas. 457; Toomey v. Wells, 218 Mo. App. 534, 280 S. W. 441.]

For twenty years following 1835, present Sections 98 and 99 were the only statutory expressions of the law of Missouri concerning actions for torts in case of the death either of the wrongdoer or of the person wronged. They have not been repealed or amended, but they have been modified by other legislation as we shall see. Through the years they have been the pioneer sections in the progress of Missouri legislation for the removal of the common-law limitations of death upon causes of action. Yet they are but pioneer sections. In 1855 the General Assembly passed ''an act for the better security of life, property and character,'' approved December 12, 1855, commonly called the Damage Act (R. S. 1855, p. 647—Secs. 3261, 3262 et seq., R. S. 1929). This act, among other things, created a new cause of action for wrongful death, in derogation of the common law under which a cause of action for death did not lie. This act was a long step in advance of the pioneer movement marked by present Sections 98 and 99. Sometimes conflicts and at other times parities between the early statutes and the later Damage Act have been urged and ruled upon. It is enough to mention those cases which give point to our thought that, in the instant case, the Kansas City Court of Appeals by its opinion gave too much primitive importance to the pioneer statute.

In Gilkeson, Admr. v. Mo. Pac. Ry. Co., 222 Mo. 173, 121 S. W. 138, 24 L. R. A. (N. S.) 844, 17 Ann. Cas. 763, plaintiff, the administrator of the estate of a deceased minor, sued in two counts for statutory damages for the death of each of the parents of the minor. Both parents and their minor child lost their lives in a railroad

wreck. The Supreme Court reversed outright the judgment in favor of plaintiff for the reason that a cause of action did not lie. The court held that plaintiff did not have a cause of action for the deaths, under the Damage Act as it then stood (Sec. 2864, R. S. 1899), and that the death of the minor's parents was not the loss of a property right contemplated by present Section 98. But in the latter part of the opinion the court held (121 S. W. l. c. 148) that, granting that the death of the minor's parents was the loss of a property right, yet plaintiff could not recover under present Section 98 for the reason that under well-known rules of construction the Damage Act, namely Section 2864, R. S. 1899 (Sec. 3262, R. S. 1929, as amended) is either an exception to present Sections 98 and 99 or a repeal of them to the extent of their application to the actions mentioned in the Damage Act.

In the case of Shippey v. Kansas City, 245 Mo. 1, 162 S. W. 137, plaintiff sued the defendants for personal injuries. While the action was pending, two of the defendants died in March and April, 1907, respectively. Upon the appeal of defendant, Kansas City, from an adverse judgment, it was necessary for the Supreme Court en Banc to determine whether plaintiff's right of action against the personal defendants died with them. The court held that the right of action did so die under the common law and the express provisions of present Section 99, Revised Statutes 1929. The court in its opinion observed that Section 5438, Revised Statutes 1909, which was enacted in 1907 (Laws 1907, p. 252) changed the rule of the termination of the cause of action which the court laid down. But the court pointed out that the personal defendants died before the Act of 1907 became effective. Section 5438, Revised Statutes 1909, is Section 3280, Revised Statutes 1929. It provides that "causes of action upon which suit has been or may hereafter be brought by the injured party for personal injuries, other than those resulting in death, . . . shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued;" but that such cause of action shall survive. It is very clear that, if the personal defendants in the Shippey case had died after the effective date of Section 3280, the court would have held that the cause of action did not abate, notwithstanding Section 99, and that Section 3280 repealed Section 99 to the extent of the application of the latter section to actions pending at the time of the death of the defendant.

In the case of Primm v. Schlingmann, 212 Mo. App. 133, 253 S. W. 469, there was presented another phase of a partial repeal of Section 99, by Section 3280 quoted above. Plaintiff sued defendant for personal injuries arising out of assault and battery. Defendant died while the action was pending and his executrix resisted revival of the cause. The trial court ordered the cause to be revived and

it proceeded to judgment from which the executrix appealed. In the higher court she argued that Section 99 specifies the actions which do not survive, among them being assault and battery. Section 99 being specific and Section 3280, Revised Statutes 1929, being general, she contended that the latter did not supersede the former and both must stand. The St. Louis Court of Appeals ruled this against appellant, and affirmed the judgment. The court held that Section 3280 related only to cases which were pending at the time of the death of the defendant and that Section 99 governed cases which were brought after such death. ■ It is obvious however that prior to the enactment of 3280, Revised Statutes 1929, Section 99 put an end to pending suits for damages for assault and battery as well as to causes of action for like torts upon which suit had not been brought. The true reason for the right result reached in the Primm case was stated but not adopted by the court in its opinion. That reason is that Section 3280 supersedes Section 99 by granting survival of pending actions for damages for personal injuries not resulting in death. To that extent Section 3280 makes an exception to and effects a partial repeal of Section 99.

■ What we have said of Sections 98 and 99, of cases under them and of other statutes in part superseding them relate to torts occurring in Missouri and to the consequent accrual, abatement or nonexistence of a cause of action, as the case may be in each instance. What of causes of action accruing under the laws of other states? Are they not to be maintained in the courts of Missouri if they fall within any of the remaining inhibitions of Section 99? Does that section close the doors of our courts to such litigants? Section 705, Revised Statutes 1929, relates to causes of action accruing under the laws of other states and is as follows: "Whenever a cause of action has accrued under or by virtue of the laws of any other state or territory, such cause of action may be brought in any of the courts of this State, by the person or persons entitled to the proceeds of such cause of action: *Provided*, such person or persons shall be authorized to bring such action by the laws of the state or territory where the cause of action accrued."

■ The Kansas City Court of Appeals, in its opinion in the instant case, stated (54 S. W. (2d) 797): "This action may not be maintained in this State unless it be on the ground of comity and whether, as a matter of comity, we will enforce this cause of action in this State depends upon whether such enforcement would be contrary to the public policy of this State." The court examined and construed Sections 98 and 99 and also 705. It held that Sections 705 and 706 "established the comity of this State as far as the capacity or the right of the plaintiff to sue upon the cause of action is concerned but have nothing to do with the comity of this State as to the

validity or enforceability of the cause of action itself.'' We should not concern ourselves with Section 706, since it governs the case of a person who is entitled to the benefits of a cause of action accruing under the laws of another state, but who is not authorized by the laws of such other state to prosecute the cause of action in his own name. Respondent here, suing in his own right, is not of the class of persons contemplated by Section 706. The Court of Appeals reached the conclusion that, as the laws of Missouri prohibit the bringing of a suit against the personal representative of a deceased person upon a cause of action arising in this State founded upon his negligence occurring during his lifetime, our public policy forbids the bringing of a suit upon a like cause of action arising in another state, and therefore it reversed the judgment.

It is our opinion that the views of the Court of Appeals concerning comity and Sections 705 and 706, Revised Statutes 1929, are not as sound as those expressed by the Supreme Court en Banc in the case of State ex rel. Pacific Mutual Life Insurance Company v. Grimm, 239 Mo. 135, 143 S. W. 483. This Court en Banc in State ex rel. v. Landwehr, 318 Mo. 181, 300 S. W. 294, overruled its former opinion in the Grimm case on the question of the validity of service of summons on the Insurance Commissioner in an action against a foreign insurance company upon a policy written in another state. But the opinion in the Landwehr case did not disturb the expressions of the court in the Grimm case on comity and Sections 705 and 706. Those expressions are as follows (239 Mo. l. c. 179):

''The contention that the plaintiff's right to sue in the courts of this State rests on comity will receive notice here. Counsel for petitioner cite many cases lending support to their contention, some of which were decided by some of the most respectable courts of the country. In fact this court and the Courts of Appeals of this State have so held in a number of cases; but upon an examination it will be seen that they were decided prior to the enactment or amendment of the statutes of this State governing this matter.

''Prior to such enactments it was generally considered and understood that the right of a nonresident of this State to sue on a cause of action arising in some other State, in the courts of this State, rested purely upon comity, and that our courts could, in any case where they deemed it wise and proper, decline to assume jurisdiction over or to try the case. But since the enactment of Section 1736, and the amendment of 1737, Revised Statutes 1909 (705 and 706, R. S. 1929), such right of a nonresident no longer rests solely upon principles of comity, within the broad meaning of that word. Those sections are binding upon all the courts of this State, and whenever a suit is brought in any court of this State, which is embraced within their provisions, no court has the legal right to decline jurisdiction over it or to try it, as it had prior to such enact-

ments." The court in the Grimm case quoted Sections 705 and 706 and then it observed concerning its opinion in Newlin v. Railroad, 222 Mo. 375, 121 S. W. 125:

"These statutes were under consideration in the case of Newlin v. Railroad, 222 Mo. 375, and the court there held that these statutes were founded upon comity, and opened the doors of our courts to causes of action accruing under the laws of sister States, meaning of course, that the doors were not opened at the discretion of the court, as was formerly the case, but mandatory, in harmony and in keeping with Section 2 of Article 4, and Section 1 of the Fourteenth Amendment to the Constitution of the United States," etc.

The opinion is highly instructive concerning the relation of the cited provisions of the Federal Constitution to the question under examination. We have quoted sufficient to show that the Kansas City Court of Appeals, by its opinion in the instant case, took a wrong view of the applicable law of comity and gave an attenuated construction to Section 705, Revised Statutes 1929.

Does the fact that respondent has a cause of action under the laws of Kansas but not under the laws of Missouri defeat his action here on grounds of public policy? The learned exposition in the Grimm case of the right of a person to sue in one state upon a cause of action accruing under the laws of another state is subject to a limitation pithily stated in the opinion of this court in the case of Newlin v. St. Louis & S. F. Railroad Co., 222 Mo. 375, 121 S. W. 125, to which case the Court en Banc made approving reference in the Grimm case. The limitation stated in the Newlin case (121 S. W. l. c. 130) is: "No case under the *lex loci*, then no case under the *lex fori;* and the supplement, viz.: a case under the *lex loci* then a case under the *lex fori (possibly barring actions on statutes strictly penal)*." (Italics ours.) We pass the criticism of the Kansas City Court of Appeals that this statement of LAMM, J., is "loose language at best," with the comment that it is the language of a stylist whose mastery of style presents models not only of literary but of legal precision. The opinion in the Newlin case was not below the standard of the author of the opinion.

An action under a statute strictly penal in a given case may be an exception to the rule stated in the Grimm case, and may raise a question of public policy. In the leading case of Guerney v. Moore, 131 Mo. 650, 32 S. W. 1132, which was an action against a shareholder of a Kansas corporation under a double liability statute of that state, this court said that if the Kansas statute "is penal in its nature, or in conflict with the public policy of this State, the courts of this State are not required, by comity or otherwise, to enforce the claim arising under the statute." [32 S. W. l. c. 1138.] The court held that the statute was contractual and not penal, and

338

it then answered the question of public policy in these words (32 S. W. l. c. 1139) : "It does not follow that, because the people of this commonwealth have restricted the liability of stockholders in corporations created by virtue of our own laws to the amount of their stock, they will refuse to enforce in their courts the contracts of its own citizens who voluntarily go into other states, and become stockholders in corporations under their laws, which impose upon stockholders a personal liability in excess of the amount of the stock taken. Such a contract is not against public policy. It contravenes no principle of good morals, and has no mischievous tendency. It is not in any sense repugnant to our ideas of honesty or justice. [Post v. Railroad Co., 144 Mass. 344, 11 N. E. 540.]"

The case of Mosby v. Manhattan Oil Co., 52 Fed. (2d) 364, was an action brought in the United States District Court for the Western District of Missouri for damages arising out of a nuisance maintained in Kansas. The United States Circuit Court of Appeals rightly ruled (52 Fed. (2d) l. c. 368) : "The mere fact that the law of Missouri differs from the law of Kansas does not make the law of Kansas contrary to the public policy of Missouri." In support of this rule the opinion (52 Fed. (2d) 368) cited and quoted Herrick v. Minneapolis & St. Louis Ry. Co., 31 Minn. 11, l. c. 14, 16 N. W. 413, 47 Am. St. Rep. 771, to the effect that "to justify a court in refusing to enforce a right of action which accrued under the law of another state, because against the policy of our laws, it must appear that it is against good morals or natural justice, or that for some other such reason the enforcement of it would be prejudicial to the general interests of our own citizens." The rule thus stated is approved by the Supreme Court of the United States in Nothern Pacific Railroad Co. v. Babcock, 154 U. S. 190, 14 Sup. Ct. 978, 38 L. Ed. 958.

The views hereinbefore expressed are fortified by a comparison of the Kansas statute upon which respondent bases his right to sue with Section 3280, Revised Statutes 1929, which we have examined in our study of what we may call the erosion of the inhibitions of Section 99. The Kansas statute is as follows:

"60-3201. Causes of action that survive. In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to the person, or to real or personal estate, or for any deceit or fraud, shall also survive; and the action may be brought, notwithstanding the death of the person entitled or liable to the same."

The only difference between the foregoing section and our Section 3280 is that under the Kansas statute causes of action for injuries to the person survive the death of the wrongdoer whether or not suit has been brought before the death, while under the Missouri statute such causes of action survive provided suit has

been brought. In other words Kansas has gone one step further than Missouri in changing the rule of the common law against the survival of causes of action of the class here in question. No conflict raising the barriers of public policy can exist between statutes so nearly alike. Of course the Kansas statute is not penal. Respondent's cause of action is transitory and he seeks to enforce it in the place of the administration of the estate of James D. Knox, deceased, whose negligence caused the injury.

We have examined the authorities cited by appellant and those mentioned in the opinion of the Court of Appeals. We do not find that they support appellant's contention or the opinion of the Court of Appeals. Accordingly the judgment of the circuit court is affirmed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by FITZSIMMONS, C., is adopted as the opinion of the court. All the judges concur.